19419

In the Matter of Benjamin Eugene MIXSON, Respondent

(189 S. E. (2d) 12)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Irvin D. Parker, Asst. Atty. Gen.,* of Columbia, *for Complainant.*

*Clinton Green, Esq.,* of *Green & Hastings,* Miami, Fla., *for Respondent.*

May 22, 1972.

*Per Curiam:*

This disciplinary proceeding was commenced August 18, 1970, by The Grievance Committee of the Richland County Bar Association against the respondent, who has been admitted and qualified to practice law in this State. Since the respondent could not be found, service was had under the provisions of section 21 of the Rule on Disciplinary Procedure.

The complaint alleged two instances of misconduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute. The complaint first alleged that respondent bore the onus of a civil contempt order of the Richland County Court. The complaint further alleged mishandling of client trust funds.

Two weeks after service of notice, respondent filed by mail with the Board of Commissioners on Grievances and Discipline a number of motions, together with his answer to the complaint. In substance, respondent moved the Board to:

(1) dismiss the complaint on the ground that respondent was not a member of any local or state bar association;

(2) order the complaint to be made more definite and certain;

(3) extend all time limits, and devise some procedure whereby respondent could conduct his defense from out-of-state;

(4) produce for respondent's inspection the records of all past disciplinary proceedings ever taken before the Board;

(5) disqualify itself.

In his answer, respondent admitted the contempt order, branding it unconstitutional, and denied having mishandled trust funds.

The three-member panel appointed to conduct hearings in the matter granted the motion to make more definite and certain but denied the others. An amended complaint, dated December 14, 1970, was duly served. An evidentiary hearing was conducted on August 10, 1971, at which respondent did not appear and was unrepresented.

The testimony before the panel fully supports the panel's findings of fact, substantially as follows.

As to the contempt sentence: Following the decision of this Court in *Mixson v. Mixson*, 253 S. C. 436, 171 S. E. (2d) 581 (1969), respondent was adjudged in contempt of Richland County Court by order of May 5, 1970, unless and until he should purge the contempt by payment of alimony and child support in arrears, in addition to certain attorney fees and costs.

As to mishandling trust funds: On February 13, 1969, respondent deposited in his attorney account a check in the amount of $2,442.00, dated two days earlier, drawn in his favor by a client for use in satisfying a mortgage debt owed by the client. The mortgagee had refused to accept this amount in satisfaction, necessitating payment through Richland County Court. On June 23, 1969, respondent obtained an order of that court permitting the amount in question, less $323.00 attorney fees and costs, to be paid to the clerk of court in satisfaction of the mortgage, this sum to be held in escrow by the clerk for the mortgagee. Instead of paying

to the clerk the required sum of $2,119.00, respondent wrote a check in that amount, dated July 23, 1969, payable to the mortgagee personally. This check, together with the court order, was found in March, 1970, inserted in a judgment roll in the courthouse. On July 23, 1969, the date of the check, respondent's attorney account was $400.00 overdrawn. Only twice in following months—a two-day period in July and a like period in September—did the balance present in the account equal the amount of the check. Checks drawn on the account after February 13, 1969, show that the balance on that date, including the sum paid to the respondent in trust by the client, was spent by respondent at least partly for his own use.

In April, 1970, the client retained another attorney, through whom he satisfied the mortgage by paying the required $2,119.00 to the clerk. Restitution of this amount to the client was made in August, 1970, by respondent's mother-in-law. The source of the funds used for restitution is not clearly revealed in the record, but there was testimony indicating that respondent himself supplied the funds used for that purpose.

The three-member panel recommended public reprimand for violation of Canon 11 in commingling trust funds with personal funds and failing to account promptly for such funds. The panel recommended no action in regard to the contempt sentence. The full Board of Commissioners, rejecting the panel's position, recommended indefinite suspension.

Respondent has apparently resided in Florida from the inception of these proceedings. From there he has filed numerous motions, memoranda, and other documents in his defense. Respondent's contentions, though manifold, may fairly be categorized as threefold in nature. First, respondent contends that the civil contempt sentence to which he is subject is not properly a ground for disciplinary action. Second, he assigns technical error at several points in the proceedings before the Board of Commissioners and before this

Court. Third is the claim that the proceedings have been fundamentally unfair throughout.

We agree with the respondent that, under the circumstances, his civil contempt sentence is not a ground for disciplinary action. The contempt power was invoked in respondent's case not as punishment but in an effort to secure compliance with his obligations of alimony and child support. Civil contempt in such cases, though a drastic remedy, does not differ in purpose from other civil remedies available for use in enforcing a money judgment. It carries, *per se,* no connotation of moral dereliction, and in reaching our decision we have not considered its imposition on respondent as a ground for the action we take.

Respondent claims that the provisions of the Disciplinary Rule, together with Code provisions relating to civil procedure, were violated in several instances. Disciplinary proceedings are governed exclusively by the rule thereon; the Code provisions cited by respondent have no application. Typical of respondent's objections to the procedure followed is his contention that he failed to receive thirty days' notice of the evidentiary hearing. The rule specifies that reasonable notice be given. Respondent was notified by letter dated twenty-five days before the hearing. Six days before the hearing, respondent notified the panel that he would not be present.

Section 32 of the Disciplinary Rule states:

"No investigation or procedure shall be held to be invalid by reason of any non-prejudicial irregularity or for any error not resulting in a miscarriage of justice."

We think respondent received reasonable notice of the hearing. Moreover, he admits that he had no intention of appearing at the hearing in any event. Manifestly, respondent suffered no prejudice because he was not notified sooner.

Respondent's other claims of procedural irregularity, ■ which need not be described, are equally baseless, with one exception. Respondent, through his Florida counsel, requested by letter that all proceedings be held in public. Apparently the panel overlooked this communication when the evidentiary hearing was held more than eight months later. However, respondent has not attempted to suggest how his cause might have been harmed by the confidentiality of the hearing. The verbatim transcript shows no trace of abuse of the confidential process.

This brings us to the heart of respondent's defense, namely, his claim of fundamental unfairness in these proceedings from beginning to end. Respondent adamantly contends that neither this court nor its Board of Commissioners is qualified to function in his case because of our decision, adverse to respondent, in *Mixson v. Mixson, supra,* involving alimony and child support. Respondent asks the Court, as he did the Board of Commissioners, to disqualify itself. The request is denied. Especially in light of the view we have taken of respondent's contempt sentence, we find his contentions thereabout to be meritless.

Respondent charges fundamental injustice in the ■ panel's failure to accommodate his request that the panel contrive some means by which he could more effectively conduct his defense from Florida. He was never more specific than that. He never requested the right to depose any particular witnesses or to subpoena any records; he did not name any witnesses whose presence at the hearing should be required for testimony in his behalf; he did not request the appointment of a South Carolina counsel to aid him, although his Florida counsel at one point suggested that that might be appropriate. On the contrary, respondent contended that he would not be able to obtain adequate representation in South Carolina in any event. Essentially, respondent's complaint is that he could not enter South Carolina without risking arrest for contempt, and that it was difficult to defend himself from Florida.

Respondent's dilemma was real; but in none of his prolific motions, letters and memoranda has he suggested that the facts relating to his handling of trust funds were any different than the panel found them to be. He does suggest that some of the testimony introduced at his hearing would have been excludable, had he been there to object. He cites no particular testimony in that regard. However, we have carefully reviewed the transcript and are convinced that ample testimony not open to objection was introduced which fully supported the panel's findings of fact. Respondent's only serious defense is his assertion that his bank honored a number of checks on his overdrawn account during the summer of 1969. He stops short of claiming that the check for $2,119.00, found in the judgment roll, would have been cashed by the bank. His contention that the check was never properly presented to the bank is not an excuse but a further indictment. Its existence was not discovered until March, 1970. There was no sanction whatever for the respondent's action in drawing the check directly to the mortgagee and placing it in the judgment roll. The order under which respondent purported to act directed him to deposit the funds with the clerk, which was not done. The inference is irresistible that respondent knew that immediate presentation to the bank of a check properly drawn to the clerk would result in its dishonor by the bank.

The respondent stands convicted of having misappropriated funds entrusted to him by a client. Although the record does not indicate repetitious misconduct, the gravity of the offense justifies the recommendation of the Board that he be indefinitely suspended from the practice of law in this State. We have concluded that this recommendation should be adopted.

Accordingly, it is ordered that respondent be indefinitely suspended from the practice of law in this State and that he forthwith surrender to the Clerk of this Court his certificate of admission to practice.