Submitted August 6, accused reprimanded September 23, petition for rehearing denied October 12, 1976

# In re Complaint as to the Conduct of
# ADELBERT G. CLOSTERMANN, *Accused.*

554 P2d 467

No appearances.

PER CURIAM.

**PER CURIAM.**

This disciplinary proceeding arises out of the termination of the custodianship of the accused over his late ward, Kenneth D. Hauser. The circuit court for Multnomah County (Dickson, J.) created the custodianship in October 1967, after finding that Hauser was mentally ill. The court paroled Hauser to the accused. On November 19, 1973, the same court (McLennan, J.) found Hauser not to be mentally ill and revoked the parole.

After the parole was revoked, Hauser and his attorney asked the accused to surrender various securities and other property belonging to Hauser. The accused refused to do so. The accused contends that his control over Hauser's property derived not from the 1967 order of parole, but from an "irrevocable power of attorney" executed by Hauser in 1962.[1] Alternatively, the accused argues that he was not bound by the 1973 decision because he had not been properly notified of either the hearing or the order.

At the disciplinary hearing the Trial Board recommended that the accused receive a public reprimand for his failure to return the property. The Disciplinary Review Board disagreed with the Trial Board and held that the accused acted reasonably in refusing to return the property, and so did not deserve to be reprimanded. We reverse.

The controlling fact is that the circuit court's order revoking the parole terminated the accused's custodianship of Hauser, and the accused failed to comply with the order. Whether the circuit court's decision was right or wrong—a matter not in issue here—the accused was not entitled to ignore it merely because he felt that it was wrong. Nor is the accused's claim that he was not notified of the hearing date a defense. He was not legally entitled to be notified of the proceeding

---

[1] The accused also ignored Hauser's attempts to revoke the power of attorney in 1973 and early 1974, after the parole had been revoked.

brought to terminate the custodianship. There was some evidence that he learned of the upcoming hearing. The evidence is clear that at least he learned of the order terminating his custodianship. The evidence establishes that he received a letter from Hauser's attorney informing him the parole had been revoked. And the accused admitted that Judge McLennan telephoned him that the parole had been revoked. If the accused had a question about the validity of the order, he should have presented his objections to the court rather than take action on his own.

Finally, the accused contends that the revocation of parole was irrelevant because his power over Hauser's property rested on the power of attorney, and not on the order of parole. This contention is without merit. The power of attorney and the accompanying "Memorandum of Understanding" gave the accused the power to manage Hauser's affairs in order to protect Hauser from his own frailties. The order of parole did the same thing, but put the accused under court supervision. If the power of attorney continued to exist separately from the order of parole, then the supervisory power of the court would be illusory, because the accused could always point to the power of attorney to justify any act not permitted by the court.

Moreover, Hauser revoked the power of attorney after the circuit court revoked the parole. It is true that the power of attorney recites that it is "irrevocable," and that it is "coupled with an interest" in Hauser's property; however, it is clear from the terms of the instrument that the accused in fact has no interest in the property. A power of attorney not coupled with an interest is revocable, even if the instrument declares the power to be irrevocable.[2]

In spite of the fact that either the court's order or Hauser's revocation of the power of attorney was

---

[2] *Todd v. Superior Court,* 181 Cal 406, 184 P 684 (1919). *Cf., Marnon v. Vaughan Motor Co., Inc.,* 189 Or 339, 219 P2d 163 (1950); *Sphier v. Michael,* 112 Or 299, 313, 227 P 1062, 229 P 1100 (1924).

effective to terminate the accused's custodianship over Hauser, the accused continued to withhold the property belonging to Hauser for more than two years; indeed, at the time this proceeding began, in February 1976, he had still not returned the property.

It is important to note that we are not deciding whether the circuit court should have revoked the parole; nor are we deciding whether the hearing conducted by that court was conducted properly. We hold only that when a court makes such an order, an attorney is not free to disregard it because he feels that the circumstances of the case make the order unwise; nor may he avoid the order, as the accused attempted to do here, by bringing a suit for a declaratory judgment. The accused's failure to comply with the court order violated ORS 9.480(3).[3] He is hereby reprimanded for that violation.

It is also our mandate that if the accused received any compensation after the entry of the order revoking the parole, he is to refund it to Hauser's estate.

_____

[3] "(3) He has wilfully disobeyed an order of a court requiring him to do or forbear an act connected with his profession; * * *."