21078

In the Matter of John Wilkins NORWOOD, III, Respondent.

(260 S. E. (2d) 177)

*Attorney Gen., Daniel R. McLeod* and *Asst. Atty. Gen., Richard B. Kale, Jr.,* Columbia, *for complainant.*

. *Robert N. Daniel, Jr.,* Greenville, *for respondent.*

November 7, 1979.

*Per Curiam:*

This disciplinary action against respondent Norwood resulted from his wilful act in violation of an order of the Family Court in a divorce proceeding brought by his wife. We agree with the Panel & Executive Committee that respondent is guilty of misconduct adversely reflecting on his fitness to practice law and we adopt the Executive Committee's unanimous recommendation of a public reprimand.

Respondent was ordered by the Family Court to make certain payments and refrain from removing certain personal property from the marital residence. We need not consider respondent's failure to make the payments as it is established he removed furnishings and other property from the residence.

A decree was entered adjudging respondent in contempt of court. Rather than attempt to either comply with or purge himself of the contempt decree, respondent fled the State.

The decision *In re Mixson,* 258 S. C. 408, 189 S. E. (2d) 12 (1972), is distinguishable. Mixson was charged only with failing to pay alimony and attorneys' fees. Respondent, on the other hand, went beyond that and actively removed property from a marital residence in violation of the court order.

We regard as most serious respondent's wilful and unprofessional behavior in defying the order of the Family Court. It is required that all members of the bar adhere to the ethical standards of the Code of Professional Responsibility. As an officer of the court, no lawyer may disregard a court order. DR7-106(A) ; *In re Clostermann,* 276 Or. 261, 554 P. (2d) 467 (1976) ; *Joyce v. Dell,* 348 U. S. 883, 75 S. Ct. 124, 99 L. Ed. 694 (1954). Respondent has been found to have violated these directives, and is hereby publicly reprimanded for his misconduct.

GREGORY, J., concurs and dissents.

GREGORY, Justice (concurring in part and dissenting in part) :

Respondent's behavior as a defendant in a contested divorce action prompted this disciplinary proceeding.

I agree with the majority opinion that removal of furnishing from the marital residence in violation of a court order and the subsequent failure to purge himself of this contempt evidences and supports a finding of misconduct.

Since respondent was not actively engaged in the practice of law,[1] plus the personal involvement in the divorce proceedings, I differ with the sanction ordered by the majority opinion.

In my view a private reprimand would suffice and is the more appropriate disciplinary sanction to be imposed against the respondent.

---

[1] Respondent had been employed as agent for a title insurance company.