## 22002

In the matter of Alan Joel DAVIS, Respondent.
(309 S. E. (2d) 5)

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*Alan J. Davis,* Charleston, *pro se.*

Nov. 9, 1983.

*Per Curiam:*

This disciplinary matter is before us for review of the independent recommendations of the Hearing Panel and the Executive Committee of the Board of Commissioners on Grievances and Discipline that respondent Alan Joel Davis be indefinitely suspended from the practice of law in this State for acts of professional misconduct. We are of the opinion disbarment is the appropriate sanction.

A complaint alleging three causes of action was filed against respondent in November 1982. The first cause of action alleged respondent neglected a legal matter entrusted to him, failed to carry out a contract of employment, and failed to render proper accountings to his client. Respondent had been retained by a New Hampshire attorney to bring supplemental proceedings to collect a judgment obtained by his client. He was paid Three Hundred ($300.00) Dollars attorney's fee and costs. Respondent took no actions and his employment was terminated more than two and one-half years later. The attorney fees and costs had not been refunded as of the date of the Complaint.

The second cause of action alleged respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and knowingly made a false statement of fact. Respondent represented a seller of real property at a closing. After a contract was executed, several mortgages and liens on the property were discovered. The parties agreed to have their attorneys work out a plan to have the mortgages and liens satisfied. Approximately two and one-half years later, respondent advised the attorney for the buyer that a mortgagee intended to foreclose on the property, and the buyer could bid the property in, free and clear of liens. The buyer, his Florida attorney, and his South Carolina attorney met in Charleston to bid on the property. Respondent informed them the property had been sold. Respondent had, in fact, served as closing attorney for the seller.

The third cause of action alleged respondent failed to cooperate with or respond to the inquiries of the Board of Commis-

sioners on Grievances and Discipline. Respondent did not file an Answer or otherwise respond to the Complaint.

Rule 13(C) of the Rule on Disciplinary Procedure provides: "In the event the Respondent fails to answer, the charges shall be deemed admitted, provided, however, that a Respondent who fails to answer within the time provided may for good cause obtain permission of the Chairman to file an Answer."

The Panel concluded each of the causes of action, if proved, would violate the Code of Professional Responsibility (the Code). The Panel found it could not "reach any meaningful conclusion" that the allegations of the second cause of action together with the exhibits were sufficient proof that the Code had been violated and dismissed it. The Executive Committee shared the Panel's opinion.

We hold the Panel and Executive Committee erred in dismissing the second cause of action when respondent was in default for failure to answer. Pursuant to Rule 13(C) of the Rule on Disciplinary Procedure, the allegations in the Complaint were then deemed admitted. A Panel hearing was then unnecessary unless respondent requested an opportunity to be heard in mitigation. Rule 12(B) of the Rule on Disciplinary Procedure.

■ Where an attorney is in default because of his failure to respond to a Complaint in a disciplinary proceeding, the facts and charges set forth in the Complaint are deemed admitted, and the only duty of the Panel is to make a recommendation of the appropriate sanction.

■ Respondent previously received a public reprimand for seven instances of misconduct, which involved neglect of legal matters entrusted to him, making false statements of fact, engaging in conduct involving dishonesty, fraud, deceit and/or misrepresentation and engaging in conduct that adversely reflected on his fitness to practice law. *In the Matter of Davis*, 276 S. C. 532, 280 S. E. (2d) 644 (1981). On two occasions prior to the public reprimand, respondent had been admonished for complaints of misconduct. Rule 8(C) of the Rule on Disciplinary Procedure provides that after one has received a public reprimand and is found guilty of subsequent misconduct, he shall be subject to indefinite suspension or disbarment, depending on the seriousness of the misconduct.

We find respondent's actions tend to bring the legal profession into disrepute and demonstrate unfitness to practice law. We are of the opinion disbarment is the appropriate sanction.

It is therefore ordered that respondent be disbarred from the practice of law in this State. Within ten days he shall surrender to the Clerk of the Supreme Court the certificate admitting him to practice.