489 S.E.2d 198

**In the Matter of Kenneth W. THORNTON, Respondent.**

**No. 24674.**

Supreme Court of South Carolina.

Heard July 9, 1997.
Decided Aug. 11, 1997.

---

Attorney General Charles Molony Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., Columbia, for complainant.

Kenneth W. Thornton, pro se.

PER CURIAM.

This is an attorney disciplinary matter. Respondent Kenneth W. Thornton is in default. Respondent has previously been suspended for six months for filing a false tax return [1] and was recently suspended for failing to comply with continuing legal education requirements.

In November 1996, respondent was served with a Notice and Complaint. In January 1997, respondent was also served with a Notice and Supplemental Complaint. Respondent did not file an answer to either complaint. On February 20, 1997, the Board notified respondent that he was in default but that he could still be heard in mitigation. Respondent did not respond. The Interim Review Committee concluded that a hearing was unnecessary and voted by 6 to 1 that respondent be indefinitely suspended. One member voted to disbar respondent.

Under the Rules on Disciplinary Procedure, respondent is in default and is deemed to have admitted all allegations in the two complaints served upon him. Rule 413, SCACR. *See In re Fennell*, 324 S.C. 101, 477 S.E.2d 706 (1996). The complaints allege respondent violated Rules 8.4 and 413, § 5(E). In *In re Davis*, 279 S.C. 532, 309 S.E.2d 5 (1983), the Court held "[w]here an attorney is in default because of his failure to respond to a Complaint in a disciplinary proceeding, the facts *and charges* set forth in the Complaint are deemed admitted, and the only duty of the Panel is to make a recommendation of

---

1. *In re Thornton,* 314 S.C. 301, 443 S.E.2d 905 (1994).

the appropriate sanction." (emphasis added).[2]   Accordingly, the charges of misconduct against respondent are deemed admitted and we must determine only the appropriate sanction.

It is ordered that Respondent be indefinitely suspended from the practice of law in this State.   Respondent shall file an affidavit with the Clerk of Court within fifteen days of the date of the filing of this opinion, in compliance with Paragraph 30 of Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

---

**2.** The complaints also allege respondent was found in contempt by the family court judge for failing to pay child support and alimony as ordered, transferring property in violation of an order, and falsely testifying.   Since respondent is in default and the misconduct charges in the complaint are deemed admitted, we need not address whether an attorney can be disciplined solely on the ground of a civil contempt finding for failure to pay child support.   See *In re Mixson,* 258 S.C. 408, 189 S.E.2d 12 (1972).