537 S.E.2d 552

**In the Matter of Brenda Joyce HAMER, Municipal Court Judge, Respondent.**

**No. 25198.**

Supreme Court of South Carolina.

Submitted Sept. 6, 2000.

Decided Sept. 25, 2000.

Brenda Joyce Hamer, pro se, of Coleman, Florida.

Senior Assistant Attorney General James G. Bogle, Jr., of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

This is a judicial disciplinary matter. Respondent served as a Municipal Court Judge for the town of Sellers and is charged with misconduct. The hearing panel recommended Respondent be publicly reprimanded and enjoined from holding a judicial position in the future. We agree with the findings and recommendation of the Panel.

Respondent has never been licensed to practice law in South Carolina. She is an attorney formerly licensed in California who resigned from the California bar as a result of a disciplinary action. Respondent has failed to respond to these charges. Thus, the Panel held respondent in default. Re-

spondent has not filed anything with this Court since the filing of the formal charges.[1]

■ Respondent was indicted on May 5, 1999, in the United States District Court for the District of South Carolina, for among other things, credit card fraud, supplying false tax returns, false employment information, and false social security numbers in applying for a loan, filing false federal income tax returns, mail fraud, and money laundering. The Court placed respondent on interim suspension on June 4, 1999. On September 28, 1999, respondent filed a petition with this Court seeking to lift the interim suspension. In her petition, respondent stated the jury had acquitted her on the federal charges on September 24, 1999. On September 24, 1999, however, respondent had been found guilty of all charges in the indictment.

■ Respondent's conviction of these federal crimes constitute "serious crimes" as defined in Rule 2(z), of Rule 502, SCACR, and are crimes of moral turpitude.[2] Thus, respondent's convictions of these federal charges are grounds for discipline under Rule 7(a)(3), Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.[3] Further, under the Rules for Judicial Disciplinary Enforcement, respondent is in default and is deemed to have admitted all allegations in the two complaints served upon her. Rule 24, Rule 502, SCACR; *In re Thornton*, 327 S.C. 193, 489 S.E.2d 198 (1997). Accordingly, the charges of misconduct against respondent are deemed

---

1. Respondent filed a motion with this Court following her interim suspension. This motion has become a part of the grounds for misconduct currently before us. See further discussion below. ·

2. "Serious crime" is defined in Rule 2(z) as:

   any felony or lesser crime that reflects adversely on the judge's honesty, trustworthiness or fitness as a judge in other respects, or any crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, extortion, misappropriation, theft, willful failure to file income tax returns, or an attempt, conspiracy or solicitation of another to commit a serious crime.

3. Rule 7(a) states, in part: "It shall be a ground for discipline for a judge to: (3) be convicted of a crime of moral turpitude or a serious crime ..."

admitted and we must determine only the appropriate sanction.

We conclude respondent has violated Rule 7(a)(1) and (2) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR, for the California misconduct and failing to respond to the investigation.[4] Further, respondent has violated the Code of Judicial Conduct, Rule 501, SCACR (Canons 1, 2, and 4).[5] Respondent no longer holds the position of municipal court judge. For this reason, we publicly reprimand respondent, the maximum sanction we may impose. In addition, respondent shall not seek future appointment to any judicial office within the unified judicial system of South Carolina unless authorized by this Court.

**PUBLIC REPRIMAND AND INJUNCTION.**

---

4. We note Rule 7(a) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR, provides: "It shall be a ground for discipline for a judge to: (1) violate or attempt to violate the Code of Judicial Conduct or the Rules of Professional Conduct or any other applicable ethics codes." Thus, respondent's California misconduct is a ground for us to discipline respondent under our rules.

5. Canon 1 A states, in part: "A judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved." Canon 2 states, in part: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon 4 states, in part: "A judge shall conduct all of the judge's extra-judicial activities so that they do not: (1) cast reasonable doubt on the judge's capacity to act impartially as a judge; (2) demean the judicial office ..."