538 S.E.2d 652

**In the Matter of C. Tyrone COURTNEY, Respondent.**

**No. 25200.**

Supreme Court of South Carolina.

Submitted Sept. 5, 2000.

Decided Oct. 9, 2000.

Henry B. Richardson, Jr. and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

John Freeman, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment from the practice of law in this state. We accept the agreement.[1] The facts as admitted in the agreement are as follows.

### *Facts*

#### I. Marital Issues

Respondent initiated divorce proceedings against his wife, Carole Lynn Courtney, in early April 1997. A temporary hearing was held within a week and, in preparation for the hearing, respondent filed a sworn financial declaration in which he substantially misrepresented his debts. At another

---

1. Respondent was placed on interim suspension on February 9, 2000. *In the Matter of Courtney,* 339 S.C. 5, 528 S.E.2d 79 (2000).

hearing in mid-July 1997, respondent gave false testimony regarding whether he had misrepresented his income and debts.

In late January 1997, before respondent filed for divorce, he married Mary Ada Ledbetter in New Orleans, Louisiana. Respondent falsely represented on the Application for Marriage License and the Certificate of Marriage that he was divorced from Carole Lynn Courtney. Respondent also falsely swore, before the judge that performed the wedding ceremony, that the information on the Application for Marriage License was true.

Also in January 1997, respondent obtained a Dominican Republic divorce from Carole Lynn Courtney. Respondent signed his wife's name to a power of attorney to be used in the proceeding and had the signature notarized without her being present and without any verification from her that she had signed the power of attorney. Respondent did not inform the notary public that his wife had not signed the document or that he had signed it on her behalf. Respondent submitted the power of attorney bearing his wife's purported signature and the notarization to Dominican Republic authorities to receive the divorce. Respondent admits that the Dominican Republic divorce was invalid under the Uniform Divorce Recognition Act, S.C.Code Ann. §§ 20–3–410, *et seq.* (1976) and, therefore, a credit application dated March 15, 1997, which held Mary Ada Ledbetter out as respondent's wife, was a false representation.

Moreover, at the temporary hearing, during a July 1997 deposition, at the July 1997 family court hearing, in January 1998 requests for admission and at the final divorce hearing in February 1998, respondent gave false testimony and made false representations regarding the Dominican Republic divorce and his marriage to Mary Ada Ledbetter.

## II. Tax Matters

On his 1993, 1994, 1995 and 1996 federal income tax returns, respondent deducted investment interest expenses for alleged investments described as "J.M. Brown Amusement" and "Stag Shop, Inc." However, respondent had no investments with J.M. Brown Amusement or the Stag Shop, Inc.

### III.  Extra-marital Relations Matter

Respondent engaged in sexual relations with a client while representing her in a divorce action.

### IV.  Mortgage Matters

Respondent prepared and closed a real estate mortgage loan for himself at Carolina First Bank. He prepared, or directed someone else to prepare, a title opinion letter regarding the property subject to the loan. Respondent stamped, or caused another to stamp, the signature of one of his law partners to the title opinion letter. Respondent had not received authorization from the law partner to stamp his name, or to have someone else stamp his name, on the title opinion letter. Moreover, the title opinion letter did not disclose that title to one of the tracts described in the opinion letter was actually vested in the names of both respondent and Carole Lynn Courtney and that the other tract was subject to a prior mortgage lien in favor of Horace L. Andrew, III, in the amount of $60,000.

During the pendency of respondent's divorce proceedings, respondent informed his law partners that statements in the title opinion letter were incorrect and that he would take measures to correct them. Respondent also advised his law partners that Andrews would subordinate his mortgage to that of First Carolina Bank. However, Andrews refused to agree to the re-recording of any subordination until he had obtained additional collateral to substitute for his mortgage. Respondent did not provide additional collateral, the subordination was not filed and respondent did not take measures to correct the inaccuracies in the title opinion letter.

When the Carolina First loan went into default, respondent mortgaged the marital home and property, as well as adjoining acreage without the knowledge of Carole Lynn Courtney. In preparing the mortgage, respondent misrepresented ownership of the marital property in the derivation clause of the mortgage by not reflecting Carole Lynn Courtney as a joint owner.

Six years earlier, respondent had received a $120,000 loan from the Stag Shop, Inc. in exchange for an unrecorded

mortgage on the marital property and adjoining acreage without the knowledge of Carole Lynn Courtney.

## V. Neglect of a Legal Matter

Respondent represented Winner's World Lounge, Inc. and J.M. Brown Amusement Company, Inc. in a matter involving violations of the South Carolina Video Game Machines Act, S.C.Code Ann. §§ 1–23–310, *et seq.* and § 12–4–30(D) (Supp. 1997). When respondent failed to appear at a hearing in the matter, it was learned that respondent had entered into an agreement with the South Carolina Department of Revenue on behalf of J.M. Brown Amusement Company, Inc., without notice to, and to the exclusion of, Winner's World Lounge, Inc. Respondent did not file a motion to be relieved as counsel for Winner's World Lounge, Inc. Respondent's failure to negotiate, settle or appear on behalf of Winner's World Lounge, Inc. resulted in the client being held in default by the administrative law judge. Thereafter, respondent failed to respond to requests by Winner's World Lounge, Inc.'s new attorney for the client file, correspondence, notes, memoranda, pleadings, orders and other information.

## VI. Client Loan Matter

Respondent received two loans from a client.

## VII. Criminal Convictions

Respondent has been convicted in the United States District Court for the District of South Carolina, Spartanburg Division, for violating 18 U.S.C. § 2, 18 U.S.C. § 1014 (making a false statement on a loan application), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1344 (bank fraud) in connection with the Carolina First mortgage matter discussed above and another matter in which he provided false information on a Uniform Residential Loan Application in 1998 in an effort to obtain a mortgage to purchase a $450,000 house in Spartanburg.

### *Law*

By his conduct, respondent has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule

413, SCACR: Rule 7(a)(1)(violating the Rules of Professional Conduct); Rule 7(a)(5)(engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6)(violating the oath of office taken upon admission to practice law in this state).

Respondent has also violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and consult with the client as to the means by which they are to be pursued; a lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Rule 1.7 (a lawyer shall avoid conflicts of interests); Rule 1.8(a) (a lawyer shall not enter into a business transaction with a client except in limited circumstances); Rule 2.1 (in representing a client, a lawyer shall exercise independent professional judgment and render candid advice); Rule 3.3 (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal or offer evidence that the lawyer knows to be false); Rule 3.4 (a lawyer shall not unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value, falsify evidence, knowingly disobey an obligation under the rules of a tribunal, or fail to make a reasonably diligent effort to comply with a legally proper discovery request); Rule 4.1 (in the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third person or fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited); Rule 8 .4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness

as a lawyer); Rule 8.4(c) (engage in conduct involving moral turpitude); Rule 8.4(d) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (engage in conduct prejudicial to the administration of justice).

## Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state, retroactive to the date of his interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DISBARRED.**

BURNETT, J., not participating.