549 S.E.2d 254

**In the Matter of William Grady BERRY, Respondent,**

**No. 25315.**

Supreme Court of South Carolina.

Heard June 5, 2001.
Decided July 2, 2001.

Attorney General Charles M. Condon, and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

William Grady Berry, pro se.

PER CURIAM:

In this attorney disciplinary matter, the Commission on Lawyer Conduct filed formal charges against respondent,[1] which respondent did not answer. A hearing, which respondent did not attend, was held regarding the charges. The Panel recommended respondent be disbarred.

## FACTS

### *Nancy Christensen Matter*

Respondent was retained to represent Nancy Christensen, who was involved in an automobile accident. Christensen signed a Fee Agreement which provided respondent would receive different fees depending on whether the matter was settled prior to filing a lawsuit or settled after a lawsuit had been filed. The agreement also stated no fee would be due if a recovery was not obtained.

Over the course of the representation, Christensen had trouble communicating with respondent. Her only personal meeting with respondent was when she retained him. Thereafter, she had only two telephone conversations with him, one of which was an attempt by her to retrieve her client file. Christensen also attempted to communicate with respondent by sending him a letter that included a list of questions she had about her case, which respondent did not answer. As a

---

1. Respondent was placed on interim suspension on August 12, 1998. *Matter of Berry*, 332 S.C. 323, 504 S.E.2d 590 (1998).

result of the lack of communication, Christensen requested her client file, but was told she could not have the file.

Christensen sent a letter of termination to respondent, who refused to promptly relinquish her file. A few days later, she spoke with respondent, who told her she would never find another lawyer to represent her interests and that he was going to put a lien on her file, so that "nobody would touch it." Christensen later retrieved her file and signed a "Statement of Receipt," which included the statement: "lien placed on my file for $4,672.83 which includes time and costs."

Respondent prepared a document entitled "Attorney Time," which set forth the total lien amount, and stated the lien was based upon one-third of a settlement offer by the insurance company, but which Christensen had rejected, plus costs. However, a review of respondent's client file did not show any supporting documentation for the costs.

During the representation, respondent attempted to settle Christensen's case twice, without her knowledge or authorization.

In response to an inquiry by the Office of Disciplinary Counsel (the ODC), respondent submitted a reply that offered a Statement for Services rendered to Christensen, which differed from the Statement in Christensen's file. The Statement submitted to the ODC set forth entries for services that had not occurred.

The Panel found respondent's lien amount of $4,672.83 to be in excess of the Statement of Services prepared by respondent. The Panel further found that respondent failed to cooperate with the ODC's investigation into this matter. The ODC set up an appointment to meet with respondent; however, he did not appear for the appointment, nor did he reschedule it. Thereafter, the ODC notified respondent and his attorney of a new time for the appointment; however, neither respondent nor his attorney appeared for the appointment or attempted to reschedule it.

### Disciplinary Counsel (Edward King) Matter

Edward King signed a Fee Agreement, which was similar to the agreement signed by Christensen, hiring respondent on a

contingency fee basis to represent him in an automobile accident matter.

Respondent never met with King, and King attempted without success to contact respondent on numerous occasions. King attempted to terminate the representation and request his file on three occasions. He finally retrieved his file from the court-appointed Attorney to Protect Clients' Interests after respondent had been placed on interim suspension.

King later settled his automobile accident case for $40,000. The insurance company paid him $40,000, less $4,284.67, the amount respondent claimed as a lien. The lien was based upon a settlement offer of $12,810, which King had rejected. Respondent had informed the insurance company's claims representative he no longer represented King and that he was placing a lien on the case. King's file was reviewed and little information was found to document any work done on behalf of King.[2]

## Diane Creel Matter

Respondent represented Diane Creel in a probate court matter (Action I), in which a hearing was held and an order later filed. There was also a separate action brought by the personal representative against Creel, docketed under the same civil action number, but seeking a different remedy (Action II). Specifically, Action II was against Creel for the wrongful removal of certain household furnishings from the decedent's residence.

In Action II, prior to a July 1997 hearing, respondent, as attorney for Creel, asked for a continuance on the ground of Creel's physical disability, and, by an order, consented to the continuance of the hearing. Although respondent in fact represented Creel, he did not file an answer when Action II was filed, and he did not answer the personal representative's affidavit of default.

Due to the default, a hearing was held on December 1, 1997, to ascertain damages in Action II. A notice of the hearing was served by mail on both respondent and his co-counsel. By

---

2. The lien respondent placed on King's file is a nullity. The insurance company has the authority to pay the $4,284.67 directly to King.

letter dated November 26, 1997, via facsimile, respondent notified the personal representative's attorney that neither he nor his co-counsel were ever attorneys of record with regard to the hearing scheduled for December 1st. The letter further stated, "however, I have just been retained by Diane Creel in regard to representation in this matter." Respondent also falsely stated in a letter that the hearing should be continued because he had a conflict in the Court of Common Pleas.

Thereafter, the personal representative's attorney wrote respondent a letter, with copies to the probate court and respondent's co-counsel. The attorney advised respondent that the probate judge had continued the hearing to January 13, 1998. The letter further stated,

I do not understand your saying you do not represent Ms. Creel in this matter. We have a letter from you dated July 16, 1997, in which you ask for a continuance ... If you or [co-counsel] do not represent Ms. Creel in this matter, I will have Notice served upon Ms. Creel of the new hearing date. If I do not hear from you within the next five days, I will assume you or [co-counsel] will be representing Ms. Creel in this matter. I am forwarding a copy of this letter to [co-counsel].

Neither respondent nor co-counsel responded to the letter.

However, on January 13, 1998, respondent faxed a letter to the probate court, again falsely stating he did not represent Creel in Action II. He stated: "Please be advised that my office has not been retained to represent Ms. Creel in connection with the proceedings to be heard this afternoon. However, this matter comes before the Court premature and the Probate Court lacks jurisdiction to hear this matter at this time...." The probate judge found respondent had represented to the probate court that he represented Creel on at least three occasions. The probate judge further found there had been no motion filed by respondent or Creel relieving respondent as attorney. Creel was found to be in default in Action II.

The Panel found respondent represented Creel and neglected her case by failing to file an Answer or otherwise respond on her behalf, and by failing to appear at the January 13th probate court hearing. The Panel further found that Creel

had advanced a sum of money to respondent for costs, but never received an accounting from him as to how those funds were expended.

### Domestic Violence Matter

The Panel found respondent had pled guilty to simple assault in magistrate's court after having been arrested for criminal domestic violence.

### Criminal Convictions

Respondent pled guilty to numerous narcotics offenses [3] and to the offense of criminal domestic violence. The Panel found the convictions for those crimes constituted convictions of serious crimes as defined by Rule 2 of Rule 413, SCACR, as well as crimes of moral turpitude.

### Notice to Appear

The Panel found respondent failed to appear at a Notice to Appear, which was scheduled for April 13, 2000.

### Panel's Findings

Regarding all matters, the Panel [4] found the following violations of Rule 7(a) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: (1) violating a Rule of Professional Conduct; (2) willfully failing to appear personally for a Notice to Appear as directed, and knowingly failing to respond to a lawful demand from a disciplinary authority; (3) being convicted of crimes of moral turpitude and serious crimes; (4) engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law; and (5) violating the oath of office taken upon admission to practice law in this state.

---

3. Respondent pled guilty to: (1) simple possession of marijuana; (2) possession of Schedule II narcotics; (3) possession of Schedule III narcotics; (4) possession of Schedule IV narcotics; (5) possession of Schedule V narcotics; (6) possession with intent to distribute Schedule III narcotics; (7) possession with intent to distribute Schedule IV narcotics; and (8) possession with intent to distribute Schedule V narcotics.

4. The full panel adopted the report of the sub-panel.

The Panel further found respondent violated certain rules from the Rules of Professional Conduct, Rule 407, SCACR. The Panel found, regarding all matters, violations of Rule 8.4, misconduct, subsections (a), (b), (c), (d), and (e). The Panel further found violations of the following: (1) Rule 1.2, scope of representation; (2) Rule 1.3, diligence; (3) Rule 1.4, communication; (4) Rule 1.5, fees; (5) Rule 3.3, candor toward a tribunal; (6) Rule 3.4, fairness to opposing party and counsel; (7) Rule 4.1, truthfulness in statements to others; (8) Rule 4.2, communication with person represented by counsel; and (9) Rule 8.1(b), failure to respond to a demand from a disciplinary authority. The Panel recommended respondent be disbarred from the practice of law.

## DISCUSSION

Respondent's failure to answer the formal charges against him constitutes an admission of the factual allegations. Rule 24(a) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. Further, because respondent failed to appear at the hearing before the sub-panel, he is deemed to have admitted the factual allegations which were to be the subject of such appearance and to have conceded the merits of any recommendation to be considered at the hearing. Rule 24(b) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. As a result, we have only to determine the appropriate sanction for respondent. *See In re Hamer*, 342 S.C. 437, 537 S.E.2d 552 (2000) (judge who failed to respond to disciplinary charges was deemed to have admitted all allegations in the complaints served upon her); *In re Rast*, 337 S.C. 588, 524 S.E.2d 619 (1999) (attorney's failure to answer the formal charges against him constitutes default; the only issue is the proper sanction for attorney's neglect of his duties).

We have deemed disbarment the appropriate sanction in similar cases involving multiple acts of misconduct, including criminal violations. *See, e.g., In re Trexler*, 343 S.C. 608, 541 S.E.2d 822 (2001); *In re Courtney*, 342 S.C. 617, 538 S.E.2d 652 (2000); *In re Gibbes*, 323 S.C. 80, 450 S.E.2d 588 (1994).

Accordingly, we disbar respondent from the practice of law. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he

470

has complied with Rule 30 of the Rules for Lawyer Disciplinary Enforcement.

**DISBARRED.**