492 S.E.2d 793

**In the Matter of Robert HOLT, Respondent.**

**No. 24708.**

Supreme Court of South Carolina.

Submitted Oct. 13, 1997.

Decided Oct. 27, 1997.

Robert Holt, Houston, TX, pro se.

Attorney General Charles Molony Condon and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for the Office of the Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In this agreement, respondent admits misconduct and consents to be disbarred from the practice of law. We accept the agreement.[1]

Respondent entered into a plea agreement with the United States Attorney whereby respondent agreed to plead guilty to one count of knowingly and willfully executing a scheme and artifice to obtain the monies, funds, credits, assets, securities, or other property of a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses in violation of 18 U.S.C.A. § 1344 (1994). In exchange for the plea, the United States Attorney agreed not to prosecute respondent for any similar offenses committed in the District of South Carolina prior to September 22, 1994. Respondent pled guilty pursuant to the plea agreement and was sentenced to probation for five years.

By his conduct, respondent has violated Rule 8.4(d) of the Rules of Professional Conduct, Rule 407, SCACR, by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. This is a ground for discipline under Rule 7(a)(1), RLDE. Additionally, bank fraud, as defined by 18 U.S.C.A. § 1344, is a serious crime as defined by Rule 2(z), RLDE, and

---

1. Respondent was previously indefinitely suspended on unrelated misconduct and has not been reinstated to the practice of law. *In re Holt,* 317 S.C. 48, 451 S.E.2d 884 (1994).

is therefore misconduct and a ground for discipline under Rule 7(a)(4), RLDE.

In our opinion, respondent's misconduct warrants disbarment from the practice of law. Accordingly, respondent is disbarred, effective on the date of this opinion. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE.

DISBARRED.