512 S.E.2d 114

**In the Matter of Harry C. BROWN, Sr., Respondent.**

No. 24889.

Supreme Court of South Carolina.

Submitted Jan. 5, 1999.

Decided Jan. 25, 1999.

Henry B. Richardson, Jr., of Columbia, Disciplinary Counsel.

Russell Brown, of Charleston, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21,

RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement.

Respondent is a former Probate Judge for the County of Jasper, South Carolina. From September 12, 1996, through December 18, 1996, respondent performed 220 marriages. Respondent charged and retained for his personal use a fee for each marriage. On December 18, 1996, this Court entered an order privately reprimanding respondent in his capacity as Probate Judge and ordering him not to personally retain any further compensation for performing marriages. Respondent was to remit to the county treasurer any monies received prior to the order or obtained in the future. Respondent was cautioned in the strongest language not to continue the practice of taking compensation for marriages or respondent would be held in contempt.

From December 18, 1996, through December 7, 1997, respondent performed 901 marriages. He also charged and retained compensation for these marriages. In addition, respondent did not remit to the county treasurer any of the monies obtained before or after the December 18, 1996 order.

On December 18, 1997, this Court issued an order requiring respondent to show cause why he should not be held in contempt for violating the December 18, 1996 order. The December 18, 1997 order appointed the Honorable John W. Kittredge as a referee to take evidence and make findings of fact and submit a recommendation as to whether respondent was in contempt of the December 18, 1996 order. Respondent was also placed on interim suspension from his duties as Probate Judge and from the practice of law pursuant to Rule 17(b), RLDE, Rule 413, SCACR.

The referee held an evidentiary hearing, and thereafter issued an order recommending that respondent be held in contempt of the December 18, 1996 order. This Court adopted the referee's finding and issued an order dated June 4, 1998, holding the respondent in both civil and criminal contempt. *Matter of Brown,* 333 S.C. 414, 511 S.E.2d 351 (1998). Subsequently, respondent resigned from his duties.

As a result of his conduct, respondent has violated the following: Rule 7(a)(1) (violation of the Code of Judicial Con-

46

duct), Rule 7(a)(2) (willful violation of a valid order of the Supreme Court), and Rule 7(a)(7) (willful violation of a valid court order issued by a court of this state), Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR; Canon 1(A) (failure to maintain and observe the high standards of conduct to preserve the independence and integrity of the judiciary), Canon 2(A) (failure to respect and comply with the law, and failure to conduct himself in a manner that promotes public confidence in the integrity of the judiciary), Canon 2(B) (failure to prevent familial, social, political, or other relationships from exercising influence in the judge's judicial conduct or judgment, lending of the prestige of his judicial office for the private interests of himself or others), Canon 3(A) (failure to give judicial duties precedence over the judge's other activities), Canon 3(B)(2) (failure to be faithful to the law and maintain professional competence in it), Canon 4(A)(3) (failure to prevent his extra-judicial activities from interfering with the proper performance of judicial activities), Canon 4(D)(1)(a) (engaging in financial and business dealings that may be reasonably be perceived as exploitive of his office), and Canon 4(H)(1) (receiving compensation that gives the appearance of impropriety), of the Code of Judicial Conduct, Rule 501, SCACR; Rule 7(a)(1) (violating the Rules of Professional Conduct), Rule 7(a)(3) (willfully violating a valid order of the Supreme Court), and Rule 7(a)(7) (willfully violating a valid court order from this state or another jurisdiction) of the Rules of Lawyer Discipline Enforcement, Rule 413, SCACR; and Rule 8.4(a) (violating the Rules of Professional Conduct), Rule 8.4(b) (commission of a criminal act that adversely reflects on a lawyer's fitness), Rule 8.4(c) (engaging in conduct involving moral turpitude), Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), Rule 8.4(e) (engaging in conduct that is prejudicial to the administration of justice), and Rule 8.4(g) (knowingly assisting a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law), of the Rules of Professional Conduct, Rule 407, SCACR.

Because respondent is no longer a judge and because he has agreed not to hereafter seek or accept any judicial position within the State of South Carolina unless first authorized to do so by this Court, we have decided to accept the agreement for

a public reprimand. Accordingly, respondent is hereby publicly reprimanded for his conduct.

PUBLIC REPRIMAND.