518 S.E.2d 821

**In the Matter of R. Dean WELCH, Respondent.**

**No. 24977.**

Supreme Court of South Carolina.

Submitted June 28, 1999.

Decided July 26, 1999.

Wilburn Brewer, Jr., of Columbia, for respondent.

Attorney General Charles M. Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to an indefinite suspension from the practice of law, retroactive to the date of his most recent interim suspension.[1]

Since 1992, respondent failed to supervise an employee who engaged in a check kiting scheme which involved trust and title accounts. Respondent alleges that he neither knew of nor participated in the scheme. Nevertheless, respondent would have discovered the check kiting had he exercised proper supervision over his employee.

As a result of the check kiting scheme, Beach First National Bank (Beach First) lost approximately $625,000.00. On or about January 29, 1998, respondent executed a promissory

---

[1]. Regarding the instant matter, respondent was placed on interim suspension as of February 19, 1998. *See In the Matter of Welch,* 330 S.C. 7, 496 S.E.2d 855 (1998). On September 22, 1997, this Court imposed on respondent a 90–day definite suspension for his failure to file state tax return, retroactive to July 8, 1997, the date he was placed on interim suspension for that matter. *See In the Matter of Welch,* 327 S.C. 305, 491 S.E.2d 252 (1997).

note, pledging to repay $504,630.99 of the bank's losses. To secure the note, respondent executed a mortgage on his home in favor of Beach First. Beach First has since accepted a deed in lieu of foreclosure.

In addition, respondent owes Land Bank LLC $72,628.72 for client funds that were deposited into a bank account frozen because of the check kiting. Respondent admits that he owes the above monies because of his failure to supervise the employee.

Due to problems in his accounts which resulted from the kiting, respondent did not have the funds to pay title insurance premiums in the amount of $12,244.95 to Old Republic National Title Insurance Company. Respondent had received these premiums from loan closing funds.

In a separate matter, Steve Brasington retained respondent to pursue a collection matter. Respondent, however, failed to communicate with his client as well as he should have.

During the Brasington litigation, an associate in respondent's firm arranged for a court reporter, Brenda Babb, to transcribe a hearing. Despite numerous contacts from Babb, neither respondent nor the associate paid her bill. Respondent gave Babb a note, but he still owes the bill of $2,045.40.

While under interim suspension, respondent corresponded with another lawyer-using "Welch Law Firm" letterhead-regarding a case pending against respondent. Although respondent maintains that this use of letterhead was an oversight, he admits that it was inappropriate. He also contends that any other use of his letterhead during the interim suspension, if at all, was inadvertent.

Respondent admits the above misconduct. By his actions, we find that respondent violated several Rules of Professional Conduct, Rule 407, SCACR, including Rule 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and comply promptly with reasonable requests for information); Rule 1.15 (a lawyer must deliver funds promptly to a client or third party which the client or third party is entitled to receive; a lawyer must render promptly a full accounting regarding property of a client or third party); Rule 5.3 (a lawyer having direct supervisory authority over a non-

lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct or to do so through the acts of another); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also has violated Rule 7(a)(5), RLDE, Rule 413, SCACR (engaging in conduct tending to bring the legal profession into disrepute or demonstrating an unfitness to practice law). Finally, respondent's failure to discover the check kiting scheme resulted from actions which violated Rule 417, SCACR (a lawyer must maintain records for all trust accounts).

In our opinion, respondent's misconduct warrants an indefinite suspension from the practice of law. Accordingly, respondent is indefinitely suspended, retroactive to February 19, 1998, the date of his interim suspension.

Additionally, respondent shall pay the costs of this disciplinary proceeding, including $109.45 witness fee and travel, copying, transcripts and court reporter costs of the Commission on Lawyer Conduct, the Office of Disciplinary Counsel, and the Office of the Attorney General. Moreover, respondent shall not apply for readmission until he has made restitution to Beach First National Bank, Land Bank LLC, Old Republic National Title Insurance Company, and Brenda Babb. Finally, respondent shall pay any other monies owed by him, his firm or related businesses.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

INDEFINITE SUSPENSION.