519 S.E.2d 791

**In the Matter of Robert John MURPHY, Jr., Respondent.**

**No. 24987.**

Supreme Court of South Carolina.

Heard March 4, 1999.

Decided Aug. 9, 1999.

Rehearing Denied Sept. 22, 1999.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Mark W. Hardee, of Lewis, Babcock & Hawkins, LLP, of Columbia, for respondent.

PER CURIAM:

Respondent failed to answer the formal charges filed against him and failed to appear at his panel hearing, and is therefore deemed to have admitted the factual allegations made in the charges. Rule 24 of Rule 413, SCACR. The subpanel and the full panel recommended disbarment for misconduct arising out of respondent's administration of his aunt's estate. We suspend respondent for nine months effective upon the filing of this opinion.

Respondent's aunt's estate was opened in 1992, and respondent and his brother were appointed co-personal representatives. Respondent removed certain records necessary for the matter to be properly probated from South Carolina. Respondent repeatedly refused to comply with orders and directives of the probate court, failed to pay bequests, and in September 1996 was removed as co-personal representative. The September order required respondent to return the records to his brother. Respondent failed to comply, and was subsequently arrested twice on bench warrants issued by the probate court. At the second contempt hearing before the probate court, respondent acknowledged taking $9,500 of estate funds for his own use. Following this proceeding, respondent repaid the money and assisted his brother in closing the estate. Further, in the course of the disciplinary investigation, respondent made a false statement to an investigator.

The subpanel found respondent violated Rule 7(a) of Rule 413, SCACR, by: (1) violating the Rules of Professional Conduct [Rule 7(a)(1) ]; (2) failing to respond to an inquiry from the Commission on Lawyer Conduct [Rule 7(a)(3) ]; (3) engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law [Rule 7(a)(5) ]; and (4) willfully violating a valid Richland County Probate Court order [Rule 7(a)(7) ]. It also found respondent violated the following rules of Professional Conduct in his role as co-personal representative of his aunt's estate: (1) competence (Rule 1.1); (2) scope of representation (Rule 1.2); (3) diligence (Rule 1.3); (4) communication (Rule 1.4); (5) safekeeping property (Rule 1.15); (6) making a false statement of material fact [Rule 3.3(a)(1) ]; (7) failing to expedite litigation (Rule 3.2); (8) untruthfulness in statements to others (Rule 4.1); (9) failing to respect the rights of his brother, the estate's co-personal representative, by using means that had no purpose other than to embarrass, delay or burden him (Rule 4.4); and (10) engaging in conduct involving moral turpitude, dishonesty, fraud, deceit or misrepresentation, prejudicial to the administration of justice.

■ Following the subpanel's report, respondent *pro se* filed a document entitled "Response to Panel Report." In this document, respondent contests certain factual conclusions, but

primarily included medical records and his narrative of personal problems to mitigate, but not excuse, his conduct. The Attorney General objected to this submission because he lacked the opportunity to verify or investigate its contents, and pointed out that respondent's default posture precluded any challenge to the factual findings of the subpanel. While Rule 26(c)(7) of Rule 413 allows respondent to file objections to the subpanel's report, respondent's submission improperly tried to present evidence and challenge conclusive factual findings.

Respondent then wrote requesting he be allowed to appear before the full panel and stating that he had retained an attorney. On October 8, 1998, the full panel unanimously adopted the subpanel's report and recommendation. Respondent apparently was not permitted to appear.

In his brief before this Court, respondent asks us to remand for consideration of his mitigating evidence. Rule 27(c)(1) of Rule 413, SCACR provides "If the Supreme Court desires an expansion of the record or additional findings, it shall remand the case to the hearing panel...." We decline to remand this matter. Respondent was able to perform his duties as a federal Administrative Law Judge with the Social Security Administration during the entire eight and a half years his aunt's estate was open, and during the entire period this disciplinary action was pending. Under these circumstances, we discern no reason to permit him a belated opportunity to offer evidence in mitigation of his misconduct.

We agree that respondent's conduct which included willful violation of valid court orders and misrepresentations to the probate court as well as misappropriation of the estate's funds, warrant a nine month suspension. Respondent shall, within fifteen days of the date of this opinion, serve and file an affidavit of compliance as required by Rule 30(g), SCACR, and shall remit costs in the amount of $294.46. *See generally* Rule 30, SCACR. Accordingly, respondent is

DEFINITELY SUSPENDED.