522 S.E.2d 814

**In the Matter of Harry C. BROWN, Sr., Respondent.**

**No. 25012.**

Supreme Court of South Carolina.

Heard Oct. 6, 1999.
Decided Nov. 8, 1999.

Henry B. Richardson, Jr., and Senior Assistant Attorney General Nathan Kaminski, Jr., of Columbia, for Office of Disciplinary Counsel.

R. Thayer Rivers, Jr., of Ridgeland, for respondent.

PER CURIAM:

In this attorney grievance matter, Harry C. Brown, Sr., (respondent) is charged with engaging in misconduct in violation of various provisions of the Rules of Professional Conduct contained in Rule 407, SCACR, and the Rules for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR.

## PROCEDURAL HISTORY

As probate judge for Jasper County, respondent collected fees for performing marriage ceremonies and retained those fees as personal compensation. This Court found the practice violated the Code of Judicial Conduct and ordered respondent "not to personally retain any further compensation for performing marriages" and to disgorge to the Jasper County Treasurer part of the compensation he received for performing marriages. *In the Matter of Brown,* S.C. Sup. Ct. Order dated December 18, 1996.

Despite this Court's order, respondent continued to retain, as personal compensation, fees for performing marriages. This Court placed respondent on interim suspension both as a lawyer and from his duties as a probate judge. *In the Matter of Brown,* 329 S.C. 309, 494 S.E.2d 812 (1997). On the same day, this Court issued a rule to show cause why respondent should not be held in contempt.

This Court then found that respondent willfully violated the December 18, 1996, order and held respondent in civil and criminal contempt. *In the Matter of Brown,* 333 S.C. 414, 511 S.E.2d 351 (1998). Respondent subsequently resigned from his position as a probate judge.[1]

After a hearing, a subpanel of the Commission of Lawyer Conduct recommended that respondent receive a definite suspension of one year and be assessed the costs associated with the hearing. The hearing panel adopted the subpanel's report. Respondent initially filed a brief in opposition to this recommendation; however, he later filed petitions to withdraw his brief and join in the recommendations of the panels and

---

1. As a result of these convictions, respondent, in his capacity as a probate judge, received a public reprimand from this Court on January 25, 1999. *In the Matter of Brown,* 334 S.C. 44, 512 S.E.2d 114 (1999).

for substitution of counsel.  These petitions were granted on September 22, 1999.

## DISCUSSION

■  Respondent's convictions for civil and criminal contempt constitute misconduct under both the Rules of Professional Conduct and the Rules of Lawyer Disciplinary Enforcement.

In particular, respondent violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation);  and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

Further, respondent's conduct violated the following provisions of the Rules of Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(4) (being convicted of a crime of moral turpitude or a serious crime);  Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute);  Rule 7(a)(6) (violating the oath taken upon admission to practice law);  and Rule 7(a)(7) (violating a valid court order).

■  We find respondent's misconduct warrants a definite suspension of eighteen months.  Accordingly, respondent is suspended for eighteen months, retroactive to December 18, 1997, the date of his interim suspension.  Respondent is also assessed costs of the hearing in the amount of $231.75

DEFINITE SUSPENSION.