539 S.E.2d 710

**In the Matter of Daniel L. BLAKE, Respondent.**

**No. 25218.**

Court of Appeals of South Carolina.

Submitted Nov. 7, 2000.

Decided Dec. 11, 2000.

Susan M. Johnston, of Columbia, for the Office of Disciplinary Counsel.

Susan Batten Lipscomb, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension from the practice of law for four (4) months. We accept the agreement.

The facts as admitted in the agreement are as follows.

## *Facts*

Respondent represented a client in a divorce and custody matter. Respondent did not properly calendar the court hearing in the matter. On the day before the temporary hearing was scheduled, respondent realized that there was a scheduling problem. Respondent filed a motion for a continuance in which he misrepresented to the court that he was ill, and stated that he could not attend the hearing.

When the trial judge telephoned respondent's office, respondent's staff, without direction from respondent, informed the judge that respondent was in another county on a different client matter. In actuality, respondent was attending a CLE course on the day of the hearing. Respondent's request for a continuance was denied and the opposing party obtained temporary custody of the child.

If respondent and his client had attended the temporary hearing, custody may have remained with his client. The client was not informed as to the status of her case until a week after the hearing, thereby further prejudicing her case.

## *Law*

 By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter); Rule 3.3 (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal); Rule 4.1 (a lawyer shall not make a false statement of material fact or law to a third person); Rule 5.3 (a lawyer shall be responsible for the conduct of a non-lawyer assistant); and Rule 8.4 (misconduct for a lawyer to violate the Rules of Professional Conduct).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating or attempting to violate the Rules of Professional Conduct); and Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

### *Conclusion*

█ We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for four (4) months. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.