540 S.E.2d 462

**In the Matter of William Glenn YARBOROUGH, III, Respondent.**

**No. 25222.**

Supreme Court of South Carolina.

Submitted Nov. 27, 2000.
Decided Dec. 18, 2000.

Henry B. Richardson, Jr., and Deputy Disciplinary Counsel Susan M. Johnston, both of Columbia, for the Office of Disciplinary Counsel.

John P. Freeman, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment from the practice of law in this state. We

accept the agreement and disbar respondent.[1] The facts as admitted in the agreement are as follows.

## *Facts*

Respondent was holding $150,000 in criminal forfeiture funds in an escrow account for payment to the United States Government. Respondent purchased shares of stock "on the margin" for his personal use. The purchased stock declined in value and respondent was required to make payment on a margin call in the amount of $122,170. Respondent paid the margin call with funds out of the escrow account. When required to make payment of the $150,000 to the United States Government, respondent began a scheme of check kiting. Respondent pled guilty to one count of bank fraud under 18 U.S.C. § 1344.

## *Law*

■ By his conduct, respondent has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(4) (being convicted of a crime of moral turpitude or a serious crime); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

■ Respondent has also violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (a lawyer shall hold and safeguard property of clients or third persons separate from the lawyer's own business or personal property); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Rule 8.4(c) (engage in conduct involving moral turpitude); Rule 8.4(d) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule

---

1. Respondent was transferred to incapacity inactive status by order of this Court dated September 1, 2000. *In the Matter of Yarborough*, 342 S.C. 387, 536 S.E.2d 870 (2000).

8.4(e) (engage in conduct prejudicial to the administration of justice).

### *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DISBARRED.**