552 S.E.2d 734

**In the Matter of Susan M. JENKINS, Respondent,**

No. 25357.

Supreme Court of South Carolina.

Heard July 17, 2001.

Decided Sept. 4, 2001.

618

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Susan M. Jenkins, pro se.

PER CURIAM:

In this attorney disciplinary matter, the Commission on Lawyer Conduct filed formal charges against respondent. She did not respond by way of answer or motion to the charges. Neither respondent nor anyone on her behalf appeared at the hearing before the subpanel of the Commission on Lawyer Conduct. The full panel adopted the subpanel's report finding respondent committed various acts of misconduct and recommending an eighteen month suspension from the practice of law.[1]

## FACTS [2]

In June 1995, respondent was indicted for possession of crack cocaine.[3] After she failed to cooperate with the drug

---

**1.** In addition, the full panel adopted the subpanel's recommendation respondent pay the costs of the disciplinary proceeding

**2.** These facts are taken from the formal charges filed against respondent.

**3.** These factual allegations are taken from the formal charges and the subpanel's report.

court program, her case was set for trial. She failed to appear for roll calls in August and December 1998. A bench warrant was issued for her arrest and, as of August 3, 2000, the date of filing of the formal charges, the bench warrant remained outstanding.[4]

Respondent closed her law practice and is living at an unknown location.

The South Carolina Bar suspended respondent on February 14, 1996, for non-payment of 1996 license fees. The South Carolina Bar suspended respondent on May 6, 1996, for failing to comply with continuing legal education requirements.

Thereafter, respondent failed to appear for a Rule to Show Cause hearing before this Court. She was found in contempt and suspended from the practice of law for failing to appear to explain her non-payment of bar license fees. Respondent has not petitioned the Court for permission to resume practicing law.

## DISCUSSION

■ The authority to discipline attorneys and the manner in which discipline is given rests entirely with the Supreme Court. *In re Yarborough,* 337 S.C. 245, 524 S.E.2d 100 (1999).

■ Respondent's failure to respond to the formal charges against her constitutes an admission of the factual allegations. Rule 24(a), RLDE, Rule 413, SCACR. Further, because she failed to appear at the hearing before the subpanel, she is deemed to have admitted the factual allegations which were to be the subject of the hearing. Rule 24(b), RLDE, Rule 413, SCACR.

■ Respondent's admitted conduct involves twice failing to appear for roll call, thereby resulting in issuance of a bench warrant for her arrest, failing to pay bar license fees, failing to comply with CLE requirements, failing to respond to the disciplinary authorities, and failing to appear as ordered by this Court and, subsequently, being found in contempt.

---

4. At oral argument before this Court, the Office of Disciplinary Counsel informed the Court that the indictment against respondent had been recently nol prosed.

The Panel concluded respondent's misconduct violated the following provisions of Rule 7(a), Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: (1) violating the Rules of Professional Conduct, Rule 407, SCACR; (2) engaging in conduct tending to pollute the administration of justice or to bring the legal profession into disrepute or conduct demonstrating an unfitness to practice law; (3) violating the oath of office taken upon admission to practice law in this State; and (4) violating a valid order issued by a Court of this State. We concur.

The Panel further found respondent's misconduct violated the Rules of Professional Conduct, Rule 407, SCACR, as follows: (1) Rule 8.1(b) by failing to respond to a demand for information from a disciplinary authority; (2) Rule 8.4(a) by violating the Rules of Professional Conduct; (3) Rule 8.4(b) committing a criminal act which reflects adversely on the lawyer's honesty, trustworthiness, or fitness in other respects; (4) Rule 8.4(c) by engaging in conduct involving moral turpitude; (5) Rule 8.4(d) by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and (6) Rule 8.4(e) by engaging in conduct that is prejudicial to the administration of justice. We agree respondent's misconduct violated Rules 8.1(b) and 8.4(a)(c)(d) and (e).

We note, however, the Panel's determination respondent violated Rule 8.4(b), committing a criminal act, is not supported by the record. Respondent has not been convicted of a criminal offense. Moreover, although she is deemed to have admitted the allegations in the formal charges and the allegations which were the subject of the disciplinary hearing, the allegations simply assert she was "indicted ... for possession of crack cocaine." Accordingly, respondent admitted she was indicted; she did not admit she possessed crack cocaine. The Panel erred in finding respondent committed a criminal act by clear and convincing evidence. *In re Friday,* 263 S.C. 156, 208 S.E.2d 535 (1974) (misconduct must be proven by clear and convincing evidence).

Because respondent has admitted misconduct, the sole issue before the Court is the appropriate sanction. *Matter of Thornton,* 327 S.C. 193, 489 S.E.2d 198 (1997). In the past, the Court has imposed a range of discipline for somewhat

similar misconduct. *In re Hall,* 341 S.C. 98, 533 S.E.2d 588 (2000) (neglect of legal matters, practicing law while under suspension, and failure to respond to disciplinary authority warranted disbarment); *In re Brown,* 337 S.C. 56, 522 S.E.2d 814 (1999) (convictions for civil and criminal contempt—which included violating valid court order—warranted 18 month suspension); *In re Murphy,* 336 S.C. 196, 519 S.E.2d 791 (1999) (willful violation of valid court orders while serving as estate's co-personal representative, misrepresentations to probate court, and misappropriation of estate funds, warranted nine-month suspension). Under the circumstances of this case, we deem an indefinite suspension from the practice of law the appropriate sanction.

Accordingly, respondent is indefinitely suspended from the practice of law. Respondent shall also pay the costs of the disciplinary proceeding.[5] Within fifteen days of the date of this opinion, respondent shall surrender her certificate of admission and file an affidavit with the Clerk of this Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR (duties following disbarment or suspension).

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

5. The stated costs are $233.45.