572 S.E.2d 460

**In the Matter of Douglas A. BARKER, Respondent.**

No. 25555.

Supreme Court of South Carolina.

Heard Oct. 10, 2002.

Decided Nov. 12, 2002.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Gibbs & Holmes, of Charleston; and Desa A. Ballard, of West Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, the Subpanel and the full Panel recommended respondent Douglas A. Barker be definitely suspended for nine months. We impose a six-month definite suspension.

## FACTS

On October 12, 1998, respondent, acting *pro se,* initiated a divorce action against his wife, Diana Spreeuw Barker (Wife). Respondent alleged that "since September 26, 1997, the parties hereto have lived separate and apart due to irreconcilable

differences and seek a decree of divorce on the ground of separation for a period of one year." The complaint also sought joint custody for the couple's two daughters. Respondent prepared Wife's *pro se* Answer admitting to the allegations in the Complaint and asking the family court to adopt their settlement agreement.

On October 26, 1998, both respondent and Wife appeared *pro se* before the family court. At the hearing, respondent testified that he and his wife had "been living separate and apart since September 26, 1997." In addition, respondent called a corroborating witness who testified that respondent and Wife had been living separate and apart since September 1997. The family court granted respondent a divorce based on one year's continuous separation and approved the settlement agreement which included a joint custody arrangement for the couple's two children.

Respondent and Wife, however, had not been continuously separated for that year. In April 1999, respondent filed a Rule 60, SCRCP, motion with the family court informing the court of this fact.[1] As a result of the false statements made by respondent, the family court vacated the divorce as well as the approval of their agreement.

In addition to the false statements regarding the couple's continuous separation, respondent was charged with making a false statement to the family court on the financial declaration he filed at the October 1998 hearing. Respondent listed no creditors on the declaration, and no entry was made regarding a retirement fund. During the divorce litigation that ensued after the October 1998 divorce order was vacated, respondent listed several debts and a retirement fund.

Respondent testified at the hearing before the Subpanel. He admitted that the statements regarding continuous separation in the divorce complaint and at the hearing were false and that he made the misrepresentations to the family court with the intention of getting both the divorce granted and the settlement agreement approved. Moreover, he stated the

---

1. Respondent also filed a self-report with Disciplinary Counsel.

corroborating witness knew her testimony was false. He explained his primary concern was joint custody of the children because he was their primary caregiver. Regarding the financial declaration, respondent stated that any omissions were not made with the intent to deceive Wife. Respondent acknowledged, however, that he did not make full financial disclosure **to the court** at the October 1998 divorce hearing.

## DISCUSSION

The Subpanel recommended a definite suspension for nine months and that respondent pay the costs of the disciplinary proceedings. Respondent filed exceptions, but the Full Panel adopted the Subpanel's report.

The authority to discipline attorneys and the manner in which discipline is given rests entirely with this Court. *E.g., In re Long,* 346 S.C. 110, 551 S.E.2d 586 (2001). The Court may make its own findings of fact and conclusions of law and is not bound by the Panel's recommendation. *E.g., In re Larkin,* 336 S.C. 366, 520 S.E.2d 804 (1999). The Court must administer the sanction it deems appropriate after a thorough review of the record. *Id.*

Respondent has admitted the above facts and clearly has committed numerous acts of misconduct. Specifically, we find respondent violated the following Rules of Professional Conduct, Rule 407, SCACR: (1) Rule 1.1 (failing to provide competent representation); (2) Rule 1.7 (conflict of interest in representing both himself and Wife in the 1998 divorce proceeding); (3) Rule 3.1 (presenting a claim that was not meritorious in the 1998 divorce proceeding); (4) Rule 3.3 (candor towards the tribunal, by making false statements of fact and law to the family court); (5) Rule 3.4 (fairness to opposing party); (6) Rule 4.1 (truthfulness in statements to others); and (7) Rule 8.4 (violating the rules of professional conduct; committing a criminal act, i.e., perjury, that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer; engaging in conduct involving moral turpitude; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and

engaging in conduct prejudicial to the administration of justice).

In addition, respondent violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or bring the courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (conduct violating the oath of office taken upon the admission to practice law in this State).

In mitigation, respondent asks the Court to recognize he was under the emotional stress of a divorce and acted solely out of concern for his children.

We conclude a six-month definite suspension is the appropriate sanction. *See In re Diggs*, 344 S.C. 397, 544 S.E.2d 628 (2001) (90–day suspension imposed on attorney who gave false statements under oath on his CLE compliance report); *In re Blake*, 343 S.C. 441, 539 S.E.2d 710 (2000) (four-month definite suspension imposed on attorney who made false representations to the family court as to why he needed a continuance for a client's hearing); *In re Murphy*, 336 S.C. 196, 519 S.E.2d 791 (1999) (nine-month definite suspension imposed where attorney, *inter alia*, made misrepresentations to the probate court while acting as co-personal representative of his aunt's estate).

Accordingly, we definitely suspend respondent for six months and order him to pay the costs of these disciplinary proceedings. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of the Rules for Lawyer Disciplinary Enforcement.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.