584 S.E.2d 369

**In the Matter of R. Dean WELCH, Respondent.**

**No. 25685.**

Supreme Court of South Carolina.

Submitted June 12, 2003.
Decided July 28, 2003.

See also 335 S.C. 613, 518 S.E.2d 821.

---

Henry B. Richardson, Jr., and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

R. Dean Welch, of Surfside Beach, pro se.

PER CURIAM:

In this attorney disciplinary matter, a full panel of the Commission on Lawyer Conduct recommended respondent be disbarred. We agree and disbar respondent, retroactive to the date he was placed on interim suspension for the misconduct which led to his indefinite suspension and to the conviction which forms the basis for disbarment.[1]

## FACTS

On July 26, 1999, respondent was placed on indefinite suspension for failing to supervise an employee who engaged in a check kiting scheme which involved trust and title accounts.[2] *In the Matter of Welch,* 335 S.C. 613, 518 S.E.2d 821 (1999). On August 29, 2000, respondent pled guilty to one count of bank fraud stemming from his involvement in the scheme.

Thereafter, Disciplinary Counsel filed formal charges against respondent based on respondent's conviction and on misrepresentations he allegedly made during an examination under oath pursuant to Rule 19, RLDE, Rule 413, SCACR, and in an affidavit in mitigation submitted with the previous Agreement for Discipline by Consent. The sub-panel and full panel recommended respondent be disbarred and required to pay $365.14 in costs. The recommendation was based on respondent's conviction and a finding that admissions made during his guilty plea rendered false respondent's allegations and representations made under oath during the Rule 19 examination leading up to, and in the affidavit submitted with, the previous Agreement for Discipline by Consent.

---

1. *In re Welch,* 330 S.C. 7, 496 S.E.2d 855 (1998).

2. Respondent has not been reinstated.

## DISCUSSION

The authority to discipline attorneys and the manner in which discipline is given rests entirely with this Court. *In re Barker*, 352 S.C. 71, 572 S.E.2d 460 (2002). The Court may make its own findings of fact and conclusions of law and is not bound by the Panel's recommendation. *Id.* The Court must administer the sanction it deems appropriate after a thorough review of the record. *Id.*

Respondent has argued throughout these proceedings that his admissions made during his guilty plea in federal court did not conflict with prior statements made to Disciplinary Counsel and this Court. We find respondent's statements made to Disciplinary Counsel and this Court in conjunction with the prior disciplinary matter were neither false nor misleading.

Respondent does not, however, dispute the fact that, subsequent to his indefinite suspension, he pled guilty to bank fraud, nor does he argue that he should not be disciplined as a result. In *In re Chastain*, 340 S.C. 356, 532 S.E.2d 264 (2000), this Court held that an attorney's criminal conviction, which involves a matter for which the attorney was sanctioned in a prior disciplinary proceeding, provides a separate basis for an additional sanction. The following factors are to be considered in determining whether to impose an additional sanction: (1) whether an additional sanction is necessary to protect the public; (2) whether an additional sanction is necessary to protect the integrity of the legal system or the administration of justice; (3) whether the criminal proceeding resulted in any information the Court did not consider in imposing the prior sanction; (4) whether the convicted lawyer would be unable to practice law due to incarceration, probation or parole; (5) whether the disciplinary or criminal processes have been improperly manipulated to harass or intimidate the lawyer; (6) whether imposing an additional sanction would be unfair to the lawyer; and (7) any other factor the Court deems relevant.

We find that this is a case in which the imposition of an additional sanction would not be unfair to the lawyer. Bank fraud is a serious crime as defined by Rule 2(z), RLDE, and is a ground for discipline pursuant to Rule 7(a)(4), RLDE. A bank fraud conviction also constitutes a violation of Rule 8.4(d) of the Rules of Professional Conduct, Rule 407, SCACR, which

prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Moreover, we find there is precedent for imposition of the sanction of disbarment for such misconduct. *See In re Holt*, 328 S.C. 169, 492 S.E.2d 793 (1997)(attorney's federal conviction of one count of bank fraud warranted disbarment); *see also In re Thompson*, 343 S.C. 1, 539 S.E.2d 396 (2000) (disbarment for mishandling of trust account, commingling of funds, and use of trust accounts in check kiting scheme); *In re Yarborough*, 343 S.C. 316, 540 S.E.2d 462 (2000)(use of escrow funds to pay margin call on stock purchased for personal use, engaging in check kiting scheme, and bank fraud conviction warranted disbarment); *In re Gibbes*, 323 S.C. 80, 450 S.E.2d 588 (1994)(engaging in check kiting scheme and misappropriating and converting client funds warrant disbarment); *In re Gates*, 311 S.C. 246, 428 S.E.2d 716 (1993) (writing checks on trust accounts without sufficient funds in accounts to cover checks, writing checks on trust and escrow accounts for personal matters, and engaging in check kiting schemes in violation of federal law warrants disbarment).

Accordingly, we disbar respondent retroactive to February 19, 1998, the date he was placed on interim suspension for the misconduct which led to his indefinite suspension and to the conviction which forms the basis for the current sanction. Respondent is also ordered to pay $365.14, the costs of these proceedings.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

MOORE, A.C.J., WALLER, BURNETT, PLEICONES, JJ., and Acting Justice C. VICTOR PYLE, JR., concur.