567 S.E.2d 470

**In the Matter of Terry A. TREXLER, Respondent.**

No. 25505.

Supreme Court of South Carolina.

Heard June 13, 2002.
Decided July 22, 2002.

484

Attorney General Charles M. Condon, Senior Assistant Attorney General James G. Bogle, Jr., and Senior Assistant Attorney General Nathan Kaminski, Jr., all of Columbia, for the Office of Disciplinary Counsel.

Richard Anthony Blackmon, of Sumter, for respondent.

PER CURIAM.

In this attorney disciplinary matter, a full panel of the Commission on Lawyer Conduct recommended respondent be disbarred. We agree and disbar respondent.

### FACTUAL/PROCEDURAL BACKGROUND

On January 29, 2001, respondent was disbarred for misconduct in 24 client matters. *In the Matter of Trexler,* 343 S.C. 608, 541 S.E.2d 822 (2001). Following service of the formal

charges alleging misconduct in those matters, it was discovered that charges alleging misconduct in two additional client matters had been omitted. Accordingly, formal charges alleging misconduct in the two additional matters were served and filed. After respondent failed to respond to the charges, the Office of Disciplinary Counsel filed an Affidavit of Default. At a hearing on the charges, the Office of Disciplinary Counsel asked that the hearing officer find respondent in default and issue an order imposing a sanction to run concurrent with respondent's disbarment and include the same provisions regarding restitution and payment of the costs of the proceeding.

Although there was some question as to whether service of the formal charges was proper, counsel for respondent informed the hearing officer that respondent did not want to contest the affidavit of default because he was not interested in pursuing a long, drawn out dispute as to the charges.

The hearing officer found respondent in default and the allegations contained in the seventh set of formal charges were deemed admitted. He recommended respondent be disbarred, the sanction to run concurrent with his earlier disbarment, and that restitution be made in both matters. He recommended respondent not be required to pay the costs of the proceedings since the charges should have been disposed of at the earlier hearing. The full panel voted to adopt the report of the hearing officer. Neither respondent nor the Office of Disciplinary Counsel filed exceptions.

## LAW/ANALYSIS

■ Rule 2(p), RLDE, Rule 413, SCACR, defines a lawyer, in pertinent part, as "anyone admitted to practice law in this state, including any formerly admitted lawyer with respect to acts committed prior to resignation or disbarment." Because the acts of misconduct alleged in the formal charges currently before this Court were committed prior to disbarment, we find respondent can be disciplined for the additional acts of misconduct despite the fact that he has already been disbarred.

Although we have reservations about whether the formal charges at issue were properly served on respondent, *see* Rule 14(c), RLDE (service of formal charges by mail must be made

by registered or certified mail to the *lawyer's* last known address), respondent stated at the hearing before the hearing officer and at the hearing before this Court that he was not putting up a defense to the entry of default.[1]  In addition, respondent did not file any exceptions to the hearing officer's finding of default.

When a respondent fails to answer and is in default, the factual allegations contained in the formal charges are deemed admitted.  Rule 24, RLDE, Rule 413, SCACR.  Because respondent has essentially conceded he was in default, the allegations contained in the formal charges currently before this Court are deemed admitted.  We must simply determine the appropriate sanction.  *In the Matter of Kitchel,* 347 S.C. 291, 554 S.E.2d 868 (2001); *In the Matter of Thornton,* 327 S.C. 193, 489 S.E.2d 198 (1997).

The following allegations were made in the formal charges and deemed admitted by the hearing officer.  In the first matter, respondent was retained to represent a client. The client paid respondent $350 in legal fees.  When the client received a summons from magistrate's court advising her that her case was scheduled to be heard on December 13, 1995, respondent falsely advised her she did not need to be present. Respondent also told the client that he did not need to be present at the hearing as her counsel.  Despite respondent's advice, the client appeared in court and prevailed in her action.  Respondent made no appearance on the client's behalf.  He also failed to refund the fee paid by the client.

In a second matter, respondent was retained to represent a client in a divorce action.  The client paid respondent $1,000 in legal fees.  However, respondent failed to adequately prepare for an emergency/temporary hearing and, as a result, the client was required to make monthly payments on an automobile or return the automobile.  The client was also ordered to pay approximately $540 to opposing counsel.  The client gave respondent $540 to pay opposing counsel; however, when respondent issued a check for the payment, it was returned for insufficient funds.  As a result, the client was held in contempt of court.  Respondent failed to respond to the

---

1. Indeed, at the hearing before this Court, respondent stated he hoped the Court would concur in the Commission's recommendation.

client's inquiries and failed to refund any portion of the $1,000 fee. He also failed to advise the client that he had been suspended from the practice of law after he was placed on interim suspension. Respondent failed to respond to inquiries from Disciplinary Counsel regarding both of these matters.

The hearing officer found respondent violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.5 (a lawyer's fee shall be reasonable); Rule 1.15 (a lawyer shall safeguard funds of a client); Rule 8.1 (a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority) and Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct).

We find these allegations, when considered in the context of the allegations that led to respondent's earlier disbarment, as they should have been, warrant disbarment. *In the Matter of Craig,* 344 S.C. 646, 545 S.E.2d 823 (2001)(disbarment is the appropriate sanction for multiple acts of misconduct, including misappropriation of client funds); *See also In the Matter of Driggers,* 334 S.C. 40, 512 S.E.2d 112 (1999) (attorney consented to disbarment for misappropriating funds, failure to appear in court on clients' behalf, and other misconduct similar to that shown in this case).

## CONCLUSION

For the foregoing reasons, we adopt the full panel's recommendation for disbarment. This disbarment shall run concurrent with respondent's earlier disbarment. Respondent shall make restitution to the clients addressed in this opinion according to the terms of the restitution plan entered into

between the parties as a result of our earlier opinion disbarring respondent.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.