702 S.E.2d 364

**In the Matter of Sean J. PRENDERGAST, Respondent.**

**No. 26889.**

Supreme Court of South Carolina.

Heard Sept. 23, 2010.

Decided Nov. 8, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Sean J. Prendergast, pro se, of Mount Pleasant.

PER CURIAM.

In this attorney disciplinary matter, the Commission on Lawyer Conduct (the Commission) investigated an allegation of misconduct against Sean J. Prendergast (Respondent) involving Respondent's solicitation of a client to invest funds in a commercial real estate venture. After a full investigation, the Office of Disciplinary Counsel (ODC) filed Formal Charges against Respondent. Following a hearing,[1] a Hearing Panel of the Commission (the Panel) found Respondent had committed misconduct and recommended that the Court impose a definite suspension for a period of two years. Neither the ODC nor Respondent took exception to the Panel Report.[2] Based on the admitted allegations of misconduct, we find disbarment is the appropriate sanction.[3]

---

1. Respondent did not appear at the hearing.

2. We also note that neither party filed briefs with this Court. Consequently, the parties are deemed to have accepted the Panel's findings of fact, conclusions of law, and recommendations. *See* Rule 27(a), RLDE, of Rule 413, SCACR ("The failure of a party to file a brief taking exceptions to the report constitutes acceptance of the findings of fact, conclusions of law, and recommendations.").

3. Respondent did not appear at the argument before this Court despite evidence that he received notification of the hearing via certified mail.

## I. FACTUAL/PROCEDURAL HISTORY

Respondent, who was admitted to the South Carolina Bar on June 11, 2002, represented Thomas M. Oppold, Jr. (Client) in an estate planning transaction and served as an attorney for various business entities owned by Client.

In August 2005, during the course of his representation of Client, Respondent solicited Client to invest funds in a commercial real estate venture referred to as the Wando Park Project (the "Wando Project"). Ultimately, Client invested $65,000 through WP Property, L.L.C., an entity created by Respondent. According to Client, he made the investment based on the belief that Respondent had also invested approximately $90,000 in the project.

After Client lost his entire investment, he filed a Complaint with the Commission on February 12, 2007. By letter dated February 15, 2007, the ODC notified Respondent of the Complaint and requested a response within fifteen days. Respondent failed to respond or otherwise communicate with the ODC in regard to the February 15, 2007 letter.

On April 17, 2007, the ODC sent Respondent a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982),[4] again requesting a response. Respondent failed to respond or otherwise communicate with the ODC following the mailing of the *Treacy* letter.

On July 16, 2007, Respondent was served with a Notice of Full Investigation, which required a response within thirty days. Respondent failed to comply with the request for a response to the Notice of Full Investigation. Subsequently, a subpoena for Respondent's file concerning Client was issued on August 22, 2007, and served on Respondent on August 24, 2007. Respondent failed to comply with the subpoena for documents. A Notice to Appear, dated August 22, 2007, was served on Respondent on August 24, 2007. Respondent failed to appear on September 19, 2007, to respond to questions under oath as directed by the Notice to Appear.

---

4. *See In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982) (recognizing that an attorney's failure to respond to the ODC constitutes sanctionable misconduct).

As a result of Respondent's failure to respond and failure to cooperate with the above-referenced requests, this Court placed Respondent on Interim Suspension on September 21, 2007.[5] *In the Matter of Prendergast,* 375 S.C. 188, 651 S.E.2d 605 (2007).

Following a full investigation, the ODC filed Formal Charges on December 28, 2007. On April 7, 2008, Respondent filed a Response to the Formal Charges. During the pendency of the Formal Charges, the South Carolina Bar and ultimately this Court suspended Respondent for failure to pay license fees.

Respondent was served with notice of the Formal Charges hearing by certified mail on June 26, 2009, at the address provided by Respondent. Respondent, however, failed to appear and was not represented at the Formal Charges hearing that was held on July 29, 2009.

At the beginning of the hearing, the ODC offered testimony that Respondent was notified both orally and in writing regarding the date of the Formal Charges hearing. Because Respondent failed to appear, the ODC moved for the Panel to find that Respondent was deemed to have admitted the factual allegations in the Formal Charges and to have accepted any recommendation by the ODC as to a sanction.[6] The ODC recommended disbarment as the appropriate sanction for Respondent's misconduct.

---

5. By letter dated September 18, 2007, Respondent informed the ODC that he had just discovered the disciplinary correspondence "unopened in [his] office mailroom." Based on this claim, Respondent requested the ODC forward "all correspondences and notifications" that had been sent to him since April 2007. Additionally, Respondent requested an extension to file an Answer to Client's Complaint. Although the ODC complied with Respondent's request to send copies of the correspondence dated after April 2007, it denied Respondent's request for an extension in which to file his response.

6. *See* Rule 24(b), RLDE of Rule 413, SCACR ("If the respondent should fail to appear when specifically so ordered by the hearing panel or the Supreme Court, the respondent shall be deemed to have admitted the factual allegations which were to be the subject of such appearance and to have conceded the merits of any motion or recommendations to be considered at such appearance.").

At the conclusion of the hearing, the Panel determined that Respondent had been properly served with Notice of the Formal Charges hearing.

In its report dated December 10, 2009, the Panel noted that Respondent's failure to appear at the Formal Charges hearing constituted an admission of the factual allegations contained in the Formal Charges.

After outlining Respondent's representation of Client, the Panel noted the allegations of misconduct as follows:

Respondent failed to fully disclose the terms of the commercial business transaction to Complainant in writing and in a manner that could be easily understood by Complainant. Respondent failed to advise Complainant in writing of the desirability of seeking independent legal counsel regarding the transaction. Respondent failed to give Complainant a reasonable opportunity to seek such counsel. Respondent failed to seek informed consent, in the form of writing signed by the Complainant. Respondent failed to outline the essential terms of the transaction and Respondent's role in the transaction, including whether Respondent would be representing Complainant in the transaction. Respondent was dishonest in his representations to Complainant regarding Respondent's Ninety Thousand and no/100 ($90,000.00) Dollars Investment in the Wando Project and in Respondent's representations to Complainant concerning any possible return on Complainant's investment. Complainant lost his entire investment in the commercial real estate project that Respondent had solicited him to participate in due to Respondent's dishonesty, misrepresentations and failure to fully inform and advise Complainant.

The Panel also chronicled Respondent's failure to respond and cooperate with the disciplinary proceedings.

Based on the admitted allegations of misconduct, the Panel concluded that Respondent violated the following South Carolina Rules of Professional Conduct (RPC), of Rule 407: Rule 1.8 (outlining conflict of interest involving business transactions with clients) [7]; Rule 8.1(b) ("[A] lawyer in connection

---

7. Specifically, Rule 1.8 provides in relevant part:

with a ... disciplinary matter, shall not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6."); and Rules 8.4(a), (d) ("It is professional misconduct for a lawyer to: violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; or engage in conduct involving dishonesty, fraud, deceit or misrepresentation.").

Additionally, the Panel found Respondent committed misconduct with respect to the following provisions of the Rules for Lawyer Disciplinary Enforcement (RLDE), of Rule 413, SCACR: Rule 7(a)(1) ("It shall be a ground for discipline for a lawyer to violate or attempt to violate the Rules of Professional Conduct, Rule 407, SCACR, or any other rules of this jurisdiction regarding professional conduct of lawyers."); and Rule 7(a)(3) ("It shall be a ground for discipline for a lawyer to willfully violate a valid order of the Supreme Court, Commission or panels of the Commission in a proceeding under these rules, willfully fail to appear personally as directed, willfully fail to comply with a subpoena issued under these rules, or knowingly fail to respond to a lawful demand from a disciplinary authority to include a request for a response or appearance under Rule 19(b)(1), (c)(3) or (c)(4).").

The Panel took into consideration the following aggravating circumstances: (1) Respondent's pattern of not responding

---

A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

(2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and

(3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

Rule 1.8(a), RPC, of Rule 407, SCACR.

and not cooperating with the ODC's investigation; and (2) Respondent's previous disciplinary history included a sanction for similar misconduct.

In view of these findings, the Panel recommended Respondent be suspended for a period of two years. The Panel Report did not address the issue of costs.

## II. DISCUSSION

As previously stated, neither Respondent nor the ODC raise any exceptions to the Panel's report and recommendation. Because Respondent has been found in default and, thus, is deemed to have admitted to all of the factual allegations, the sole question before this Court is whether to accept the Panel's recommended sanction. *See In the Matter of Jacobsen*, 386 S.C. 598, 606, 690 S.E.2d 560, 564 (2010) (concluding the sole question before the Court was whether to accept the Panel's recommended sanction where Respondent had been found in default and deemed to have admitted to all the factual allegations); *In the Matter of Braghirol*, 383 S.C. 379, 386, 680 S.E.2d 284, 288 (2009) (citing Rule 24, RLDE, of Rule 413, SCACR, and recognizing that this Court need only determine the appropriate sanction where Respondent is deemed to have admitted all factual allegations of the Formal Charges and the charges of misconduct).

This Court has the sole authority to discipline attorneys and to decide the appropriate sanction after a thorough review of the record. *In the Matter of Welch*, 355 S.C. 93, 96, 584 S.E.2d 369, 370 (2003). "The Court is not bound by the panel's recommendation and may make its own findings of fact and conclusions of law." *In the Matter of Hazzard*, 377 S.C. 482, 488, 661 S.E.2d 102, 106 (2008).

"A disciplinary violation must be proven by clear and convincing evidence." *In the Matter of Greene*, 371 S.C. 207, 216, 638 S.E.2d 677, 682 (2006); *see* Rule 8, RLDE, of Rule 413, SCACR ("Charges of misconduct or incapacity shall be established by clear and convincing evidence, and the burden of proof of the charges shall be on the disciplinary counsel.").

In terms of Respondent's business dealings with Client, we find Rule 1.8(a), RPC, of Rule 407, SCACR is primarily

implicated. Although Rule 1.8 does not prohibit attorney-client business relationships, it clearly delineates three mandatory requirements an attorney must satisfy in order to comply with the standards of ethical conduct. As a result, we have cautioned attorneys about engaging in business transactions with clients. *See In the Matter of Harper*, 326 S.C. 186, 193, 485 S.E.2d 376, 380 (1997) ("In view of the trust placed in attorneys by their clients and attorneys' often superior expertise in complicated financial matters, attorneys must take every possible precaution to ensure that clients are fully aware of the risks inherent in a proposed transaction and of the need for independent and objective advice."); *In the Matter of Conway*, 305 S.C. 388, 393, 409 S.E.2d 357, 360 (1991) (noting that Rule 1.8(a) does not forbid attorney-client business relationships but recognizing that "they require attorneys to maintain the highest professional and ethical standards in their dealings with clients. No exceptions to that duty exist merely because an attorney chooses to become involved in business transactions with his clients.").

Here, based on the admitted allegations of misconduct, we find Respondent not only misrepresented the extent of his financial investment in the real estate venture, but also the potential return on Client's investment. Furthermore, Respondent violated each of the three mandatory provisions of Rule 1.8(a), RPC, of Rule 407, SCACR. Specifically, in entering into the business venture with Client, Respondent failed to: (1) fully disclose the terms of the commercial business transaction to Client in writing and in a manner that could be easily understood by Client; (2) advise Client in writing of the desirability of seeking independent legal counsel regarding the transaction and to give Client a reasonable opportunity to seek such counsel; and (3) seek informed consent, in the form of writing signed by the Client, and to outline the essential terms of the transaction and Respondent's role in the transaction, including whether Respondent would be representing Client in the transaction.

In addition to the misconduct regarding Respondent's business relationship with Client, we must also consider Respondent's failure to respond and cooperate with the disciplinary proceedings.

Although Respondent claimed in his Answer that he could not recall whether he received the disciplinary correspondence, the ODC counsel presented evidence that Respondent had been served at the address on record with the South Carolina Bar. Moreover, the Commission notified Respondent both orally and in writing about the Formal Charges hearing. Despite this definitive notification, Respondent failed to appear for the hearing. Respondent also failed to appear for the argument before this Court.

Based on the foregoing, we conclude that disbarment is the appropriate sanction for Respondent's misconduct. *See In the Matter of Brown,* 361 S.C. 347, 605 S.E.2d 509 (2004) (concluding disbarment was warranted where attorney committed numerous acts of misconduct prior to and after being admitted to the South Carolina Bar, including a joint real estate venture with a client that involved defrauding lenders); *Conway,* 305 S.C. at 393, 409 S.E.2d at 360 (finding disbarment was the appropriate sanction for attorney's unauthorized appropriation of funds from a real estate development corporation that he had formed with a client); *see also Jacobsen,* 386 S.C. at 607–08, 690 S.E.2d at 564–65 (outlining cases involving an attorney's failure to respond to disciplinary proceedings; concluding disbarment was the appropriate sanction where attorney was charged with multiple allegations of misconduct arising out of his bankruptcy practice, failed to respond to formal charges, and failed to appear at the hearing); *In the Matter of Murph,* 350 S.C. 1, 564 S.E.2d 673 (2002) (finding disbarment was the appropriate sanction where attorney was charged with eighteen different matters of misconduct and failed to answer the formal charges or appear at the hearing).

In addition to disbarment, we order Respondent to pay the costs of the disciplinary proceedings. Although the Panel did not address costs in its report, we find the payment of costs is a crucial component of a sanction for attorney misconduct. *See In the Matter of Thompson,* 343 S.C. 1, 13, 539 S.E.2d 396, 402 (2000) ("The assessment of costs is in the discretion of the Court."); Rule 27(e)(3), RLDE, of Rule 413, SCACR ("The Supreme Court may assess costs against the respondent if it finds the respondent has committed misconduct."); Rule 7(b)(6), RLDE, of Rule 413, SCACR (stating sanctions for misconduct may include the "assessment of the

costs of the proceedings, including the cost of hearings, investigations, prosecution, service of process and court reporter services").

## III. CONCLUSION

In accordance with the facts and conclusion set forth above, it is ordered that Respondent be disbarred from the practice of law in this state. Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, of Rule 413, SCACR, and shall surrender his Certificate of Admission to the Practice of Law to the Clerk of Court. Further, within thirty (30) days of the date of this opinion, Respondent is ordered to reimburse the Commission and the ODC for costs incurred in the investigation of this matter.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.