713 S.E.2d 304

**In the Matter of Gilbert S. BAGNELL, Respondent.**

**No. 27008.**

Supreme Court of South Carolina.

Heard June 9, 2011.

Decided July 18, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Gilbert S. Bagnell, pro se, of Columbia.

PER CURIAM.

In this attorney discipline matter, Respondent Gilbert S. Bagnell has been accused of misconduct, including failure to work on a client's case, failure to communicate with a client, failure to properly terminate representation by protecting a client's interests, and failure to cooperate with the Office of Disciplinary Counsel (ODC). We concur in the Panel's recommendation, and therefore, disbar Respondent.

## I.

Respondent Gilbert S. Bagnell was admitted to the Bar in 1991. In 2006, Client hired Respondent to work on a matter against a financial institution over a disputed debt.[1] At the time, Respondent told Client that he had hired an additional firm to assist Respondent in the matter.[2] Shortly thereafter, Respondent became very difficult to contact. Client called

1. Client hired Respondent to pursue a suit against the financial institution for allegedly wrongly damaging Client's credit rating, which led to substantial economic loss.

2. In fact, the law firm contacted by Respondent had declined to assist in the matter. Respondent never notified Client of that fact.

Respondent multiple times, sent multiple certified letters, used intermediaries to attempt to contact Respondent, and tracked Respondent down to speak to him personally. Whenever Client was able to get in touch with Respondent, Respondent was always dismissive. Respondent failed to do any work on the case or file an action. Respondent further failed to return Client's files, as requested.

Client filed a complaint with ODC in 2009. ODC informed Respondent of the allegations of misconduct and the initiation of a full investigation by way of multiple letters. Respondent failed to respond to these allegations or to a subpoena for documents. In early 2010, ODC filed formal charges—again, Respondent failed to acknowledge or answer. As a result, an order of default was issued. In July 2010, ODC notified Respondent of a hearing on the formal charges.[3]

The matter came before a hearing panel of the Commission on Lawyer Conduct (Panel) in August 2010, and Respondent did not appear. At the hearing, Client testified that he suffered about $28,800 in damages as a result of Respondent's actions. He testified that he believed the statute of limitations had run on his cause of action.

The Panel found Respondent violated the following Rules of Professional Conduct under Rule 407, SCACR: Rule 1.2 (scope of representation); Rule 1.3 (diligence); Rule 1.4 (communication); Rule 1.16 (declining or terminating representation); Rule 8.1(b) (cooperating with disciplinary authority); Rule 8.4(a) (misconduct); Rule 8.4(e) (conduct prejudicial to the administration of justice). The Panel also found Respondent committed misconduct under the Rules for Lawyer

---

3. Respondent abandoned the practice of law and ignored all ODC inquiries. It appears that Respondent moved and informed neither ODC nor the South Carolina Bar of a new mailing address. As a result, it may be that Respondent did not receive actual notice of the panel hearing. ODC sent notice to Respondent's last known address. Respondent was well aware of the grievance proceedings and so acknowledged in a letter he provided the Court shortly before oral argument. In the letter, Respondent consented to the sanction of disbarment and waived any objections to service. Although notified of oral argument, Respondent failed to appear.

Disciplinary Enforcement under Rule 413, SCACR: Rule 7(a)(1) (violated Rules of Professional Conduct); Rule 7(a)(3) (willfully failed to comply with subpoena issued under Rules of Professional Conduct and failed to respond to a lawful demand from disciplinary authority); Rule 7(a)(5) (engaged in conduct tending to pollute the administration of justice, tending to bring the courts and the legal profession into disrepute, and demonstrating unfitness to practice law). The Panel ultimately recommended Respondent be disbarred and ordered to pay the cost of the disciplinary proceeding.

## II.

This Court "may accept, reject, or modify in whole or in part the findings, conclusions and recommendations of the Commission." Rule 27(e)(2), RLDE, Rule 413, SCACR.

An attorney's failure to answer formal charges is an admission of the factual allegations set forth in those charges. Rule 24(a), RLDE, Rule 413, SCACR. Similarly, an attorney's failure to appear before the Panel when ordered to do so is an admission of the factual allegations that were the subject of the hearing. Rule 24(b), RLDE, Rule 413, SCACR.

## III.

We find Respondent has committed misconduct in the respects identified by the Panel. Thus, we find Respondent violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (scope of representation); Rule 1.3 (diligence); Rule 1.4 (communication); Rule 1.16 (declining or terminating representation); Rule 8.1(b) (cooperating with disciplinary authority); Rule 8.4(a) (misconduct); Rule 8.4(e) (conduct prejudicial to the administration of justice). We further find Respondent violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violated Rules of Professional Conduct); Rule 7(a)(3) (willfully failed to comply with subpoena issued under Rules of Professional Conduct and failed to respond to a lawful demand from disciplinary authority); Rule 7(a)(5) (engaged in conduct

tending to pollute the administration of justice, tending to bring the courts and the legal profession into disrepute, and demonstrating unfitness to practice law).

We find disbarment is warranted in Respondent's case. As the Court has stated on numerous occasions, an attorney who "fail[s] to answer charges or appear to defend or explain alleged misconduct indicates an obvious disinterest in the practice of law." *In re Hall*, 333 S.C. 247, 251, 509 S.E.2d 266, 268 (1998). Attorneys who engage in such conduct face severe sanctions "because a central purpose of the disciplinary process is to protect the public from unscrupulous and indifferent lawyers." *Id.; see In re Murph*, 350 S.C. 1, 4–5, 564 S.E.2d 673, 675 (2002) (an attorney's bad acts, combined with his failure to respond, warranted disbarment); *see also In re Sifly*, 279 S.C. 113, 115, 302 S.E.2d 858, 859 (1983) (disbarring an attorney who failed to timely file an appeal on behalf of a client, failed to adequately represent a client in a trust fund matter resulting in significant monetary losses by the client, drew checks on his personal account that were not sufficiently funded, had a civil default judgment entered against him, and failed to cooperate with disciplinary authorities or appear to contest the charges against him).

Respondent abandoned the practice of law, prejudicing Client and the administration of justice. Respondent is clearly not fit to practice law. We disbar Respondent. Within fifteen days of the date of this opinion, Respondent shall surrender his certificate of admission to practice law and shall file an affidavit with the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR. Further, Respondent is ordered to pay the costs of the Panel proceedings within 60 days, in the amount of $910.55.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.