719 S.E.2d 670

**In the Matter of Michael T. HURSEY, Jr., Respondent.**

No. 27080.

Supreme Court of South Carolina.

Heard Nov. 29, 2011.
Decided Dec. 19, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Michael T. Hursey, Jr., of Myrtle Beach, pro se Respondent.

PER CURIAM.

In this attorney disciplinary action, the Commission on Lawyer Conduct ("Commission") investigated Formal Charges filed against attorney Michael T. Hursey, Jr. ("Respondent") alleging misconduct in thirteen matters. We disbar Respondent based on the underlying misconduct and Respondent's abandonment of his law practice.

## I. FACTS

Respondent was admitted to the practice of law in South Carolina on November 3, 2001.

On August 11, 2006, he was placed on Interim Suspension by order of this Court. *In re Hursey,* 370 S.C. 41, 634 S.E.2d 642 (2006). Upon the petition of the Office of Disciplinary Counsel ("ODC"), the Court appointed Eldon D. Risher, III as the attorney to protect the interests of Respondent's clients by

order dated November 20, 2006.[1] At that time, it was discovered that Respondent had taken all of his files and bank records with him, and ODC was unable to recover them.

Respondent was administratively suspended by the South Carolina Commission on Continuing Legal Education and Specialization effective April 1, 2007 for noncompliance with CLE reporting requirements. He was formally suspended for noncompliance effective June 1, 2007 by order of this Court dated June 6, 2007.

ODC filed Formal Charges against Respondent on May 13, 2010 alleging misconduct in thirteen matters. The matters involved his delicts in handling a variety of real estate closings, domestic actions, and a criminal case; his failure to pay a court reporter; and his posting of inappropriate comments containing nudity, profanity, and drug references on his My-Space page that identified the name and location of his law firm.

Respondent did not answer the Formal Charges despite evidence that notice was sent to him by certified mail. Respondent was held in default, and he was sent notice of the Default Order as well as notice of the scheduling of the hearing date.

The Hearing Panel conducted a hearing on May 25, 2011. Respondent did not attend and was not represented by counsel. Counsel for ODC stated repeated attempts had been made to serve Respondent at his two last known addresses in South Carolina, but they had been unable to locate him. In addition, SLED had unsuccessfully explored several leads, including reports that Respondent might have left the country.

The Hearing Panel thereafter filed a written Panel Report in which it found the factual allegations in the thirteen matters were deemed admitted due to Respondent's default and failure to appear at the disciplinary hearing. In summary, the Hearing Panel found Respondent had committed the following acts:

(1) mishandled real estate closings, which included having deeds improperly drawn (in some cases, mobile homes purchased remained titled in the names of the sellers as Respondent or his paralegal attempted to convey the mobile homes as

---

1. Risher was relieved from his appointment on September 18, 2008.

part of the property instead of separately), reciting false monetary amounts in the deeds, having a $60,000 shortfall in his trust account, and failing to cooperate with purchasers and lenders who requested deeds, mortgages, title binders and policies, and other documents; Respondent failed to properly supervise the paralegal with whom he was associated; the paralegal, who owned Paralegal Services, LLC, manipulated trust accounts, forged Respondent's name to documents and checks, and lost files (The Coleman Matter, The Normandin Matter, The Baumgartner Matter, and The Lovelace Matter);

(2) failed to communicate with a client about her case and to promptly file a rule to show cause and have an order signed despite repeated requests (The Rossi–Zita Matter);

(3) failed to file a QDRO in a domestic case (The Lewis Matter); failed to file a rule to show cause and to provide a detailed billing statement in another domestic case (The Collins Matter); and obtained a temporary order in a divorce case, but then did no further work and ceased all communication with the client (The Carroll Matter);

(4) failed to communicate with a client about a civil case (The Attaway Matter); failed to adequately advise a client in a criminal matter and refused to provide a partial fee refund after agreeing to do so (The Shannon Matter); and accepted a client in another case and then did no work on the case for over two years despite repeated requests (The Rush Matter);

(5) failed to pay a court reporter $101.00 due for her services, despite repeated requests (The McCarthy Matter); and

(6) maintained a webpage on MySpace.com that contained profanity and nudity along with the name of his law firm and the city of its location; among his comments, Respondent stated he would "take the 5th" in regards to what drugs he had done in the past as well as which drugs he had done in the past week (The Disciplinary Counsel Matter).

The Hearing Panel found the admitted acts constituted misconduct and that Respondent violated the following Rules of Professional Conduct ("RPC") contained in Rule 407, SCACR: Rule 1.1 (competence); Rule 1.3 (diligence); Rule 1.4 (communication); Rule 1.5 (fees); Rule 1.15 (safekeeping

property); Rule 3.2 (expediting litigation); Rule 4.1 (truthfulness in statements to others); Rule 5.3 (responsibilities regarding non-lawyer assistants); Rule 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (violating the RPC, knowingly assisting or inducing another to do so, or doing so through the acts of another); Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

The Hearing Panel further found that Respondent's conduct established grounds for discipline under the following provisions of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR: Rule 7(a)(1) (violation of the RPC); Rule 7(a)(3) (knowing failure to respond to a lawful demand from a disciplinary authority); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice, tending to bring the legal profession into disrepute, and demonstrating an unfitness to practice law); and Rule 7(a)(6) (violation of the Oath of Office taken upon admission to practice law in South Carolina).

The Hearing Panel recommended the sanction of disbarment based on Respondent's "underlying misconduct, Respondent's failure to fully cooperate in the disciplinary investigation, and his failure to answer the formal charges and appear at the hearing." It also recommended that, prior to filing any petition for reinstatement, Respondent be required to (1) pay the costs of these proceedings, which total $507.44; (2) pay restitution of $101.00 to the court reporter, Ms. McCarthy; and (3) reimburse the Lawyers' Fund for Client Protection for any amounts paid to Respondent's former clients as a result of his misconduct and, in the event the Fund pays less than is actually owed to a client (because of any per attorney/per client cap), that Respondent pay the former client the difference.

## II. LAW/ANALYSIS

■ Neither Respondent nor ODC has filed a brief with this Court taking exception to the Panel Report and the recommended sanction of disbarment.

■■■ The authority to discipline attorneys rests entirely with this Court. *In re White,* 391 S.C. 581, 707 S.E.2d 411 (2011); *see also* S.C. Const. art. V, § 4 ("The Supreme Court shall have jurisdiction over the admission to the practice of law and the discipline of persons admitted."). The Court "has the sole authority . . . to decide the appropriate sanction after a thorough review of the record." *In re Thompson,* 343 S.C. 1, 10, 539 S.E.2d 396, 401 (2000). "The Court is not bound by the panel's recommendation and may make its own findings of fact and conclusions of law." *In re Hazzard,* 377 S.C. 482, 488, 661 S.E.2d 102, 106 (2008); *see also* Rule 27(e)(2), RLDE, Rule 413, SCACR ("The Supreme Court may accept, reject, or modify in whole or in part the findings, conclusions and recommendations of the Commission.").

■■■ "A disciplinary violation must be proven by clear and convincing evidence." *In re Greene,* 371 S.C. 207, 216, 638 S.E.2d 677, 682 (2006); *see also* Rule 8, RLDE, Rule 413, SCACR ("Charges of misconduct or incapacity shall be established by clear and convincing evidence, and the burden of proof of the charges shall be on the disciplinary counsel.").

Respondent was found to be in default for failing to answer the formal charges and he failed to appear at the proceeding before the Hearing Panel; consequently, he is deemed to have admitted the factual allegations contained in the Formal Charges. *See* Rule 24(a), RLDE, Rule 413, SCACR ("Failure to answer the formal charges shall constitute an admission of the factual allegations."); Rule 24(b), RLDE, Rule 413, SCACR ("If the respondent should fail to appear when specifically so ordered by the hearing panel or the Supreme Court, the respondent shall be deemed to have admitted the factual allegations which were to be the subject of such appearance and to have conceded the merits of any motion or recommendations to be considered at such appearance."); *see also* Rule 27(a), RLDE, Rule 413, SCACR ("The failure of a party to file a brief taking exceptions to the report constitutes acceptance of the findings of fact, conclusions of law, and recommendations.").

We agree with the Hearing Panel that the factual allegations, as deemed admitted, support a finding of misconduct. Having found that ODC has met the burden of establishing

Respondent's misconduct by clear and convincing evidence, this Court need only determine the appropriate sanction and whether to accept the Hearing Panel's recommendation of disbarment. *In re Boney,* 390 S.C. 407, 702 S.E.2d 241 (2010); *In re Jacobsen,* 386 S.C. 598, 690 S.E.2d 560 (2010); *In re Tullis,* 375 S.C. 190, 652 S.E.2d 395 (2007).

Respondent's circumstances are similar to those of *In re Boney,* in which the attorney was charged with committing misconduct in six matters. 390 S.C. at 408, 702 S.E.2d at 241. This Court held the attorney's "abandonment of her law practice without appropriate regard for the interests of her clients, and her subsequent misconduct in failing to answer the formal charges, failing to submit to ODC's subpoena, and failing to appear at the hearing convened by the Hearing Panel, as well as her continued failure to participate in the disciplinary process, warrant[ed] her disbarment." *Id.* at 416, 702 S.E.2d at 245–46. We noted the attorney had not communicated with ODC for over two years and, according to a SLED investigator, she had left the state. *Id.* at 416, 702 S.E.2d at 246.

Likewise, disbarment was deemed appropriate in *In re Okpalaeke,* 374 S.C. 186, 648 S.E.2d 593 (2007). In that case, the attorney committed misconduct in nine matters, including failing to properly disburse settlement money, threatening criminal prosecution in order to gain advantage in a civil matter, and systematically failing to properly oversee and fulfill the financial obligation of his law practice, and then left the United States with no apparent intention of returning and with the knowledge that disciplinary action against him was imminent. *Id.* at 194, 648 S.E.2d at 597–98. The attorney never answered the Formal Charges and did not appear at the disciplinary hearing. *Id.* at 193, 648 S.E.2d at 597.

█ The Court agreed with the Hearing Panel "that [the attorney's] conduct indicates an obvious disinterest in the practice of law" and found that "since his departure, [he] has shown no regard for the status of his license to practice law in South Carolina." *Id.* at 194, 648 S.E.2d at 597–98. The Court stated "a central purpose of the attorney disciplinary process is to protect the public from unscrupulous or indifferent lawyers." *Id.* at 194–95, 648 S.E.2d at 598.

We concluded disbarment was warranted in *In Re Bagnell*, 393 S.C. 382, 713 S.E.2d 304 (2011), where the attorney agreed to represent a client in a dispute against a financial institution over a debt, but then abandoned the client, causing the client to suffer $28,800 in damages. *Id.* at 383–84, 713 S.E.2d at 305. The attorney did not answer the Formal Charges, and he did not appear at the proceeding before the Hearing Panel nor at oral argument in this Court. *Id.* at 384, 713 S.E.2d at 305. We cited a series of decisions supporting the principle, articulated "on numerous occasions," that an attorney who fails to answer the charges or appear to defend or explain the alleged misconduct indicates an obvious disinterest in the practice of law, and noted that attorneys who engage in such conduct will face severe sanctions. *Id.* at 386, 713 S.E.2d at 306.

In the current matter before this Court, we agree with the Hearing Panel that disbarment is justified. Due to Respondent's failure to answer the Formal Charges Respondent is deemed to have admitted the factual allegations in the thirteen matters outlined above, among them the failure to maintain his trust account, the failure to adequately supervise the paralegal with whom he was associated and to properly perform his duties as the closing attorney, and the neglect of numerous matters in his representation of clients in various real estate, domestic, and criminal cases.

Further, Respondent has abandoned his law practice without regard to the status of his law license. Respondent has never communicated with ODC, and he did not appear at the oral argument before this Court. Respondent's failure to petition this Court for reinstatement within three years of his suspension as provided by Rule 419(g), SCACR is additional proof of his obvious indifference to the practice of law and the status of his law license.[2]

---

2. Rule 419(g), SCACR states: "If a lawyer fails to seek reinstatement within three (3) years of being suspended by the Court, the lawyer's membership in the South Carolina Bar shall be terminated and the lawyer's name shall be removed from the roll of attorneys. The lawyer must thereafter comply with Rule 402, SCACR, to be readmitted to the practice of law in this state." Administrative suspensions and/or terminations are distinguishable from disbarment, and even if an attorney is no longer a member of the South Carolina Bar, the attorney is still subject to discipline by this Court for acts committed while an active member. *See* Rule 2(q), RLDE, Rule 413, SCACR (defining a lawyer

■ We also agree with the Hearing Panel's recommendation regarding the payment of costs, payment of restitution to the court reporter, and reimbursement to the Lawyers' Fund for Client Protection prior to filing a petition for reinstatement. The payment of costs is a crucial component of any disciplinary action, and both restitution and reimbursement to the Fund are within the scope of allowable sanctions frequently implemented by this Court. *See, e.g., In re Prendergast,* 390 S.C. 395, 403–04, 702 S.E.2d 364, 368 (2010) ("find[ing] the payment of costs is a crucial component of a sanction for attorney misconduct"); Rule 27(e)(3), RLDE, Rule 413, SCACR ("The Supreme Court may assess costs against the respondent if it finds the respondent has committed misconduct."); Rule 7(b)(6), RLDE, Rule 413, SCACR (stating sanctions for misconduct may include the "assessment of the costs of the proceedings, including the cost of hearings, investigations, prosecution, service of process and court reporter services"); Rule 7(b)(5), RLDE, Rule 413, SCACR (allowing restitution); Rule 7(b)(9), RLDE, Rule 413, SCACR (providing for other appropriate sanctions).

## III.

Based on the foregoing, we disbar Respondent. Prior to any petition for reinstatement being filed, Respondent must establish that he has (1) paid the costs of the disciplinary proceedings; (2) paid restitution of $101.00 to the court reporter; and (3) reimbursed the Lawyers' Fund for Client Protection for amounts paid to his former clients, as well as paid his former clients any amounts owed that were not covered by the Fund.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

subject to discipline as "anyone admitted to practice law in this state, including any formerly admitted lawyer with respect to acts committed prior to resignation or disbarment"); *In re Trexler,* 350 S.C. 483, 567 S.E.2d 470 (2002) (holding the attorney was subject to discipline for additional acts of misconduct committed prior to disbarment for misconduct in other matters).